EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FABRICIANO VÉLEZ POSADA, acusado y apelante.

No. 3265.—*Visto:* Marzo 6, 1928. *Resuelto:* Marzo 21, 1928.

1. ABUSO DE CONFIANZA—DEL "INDICTMENT", ACUSACIÓN FISCAL O DENUNCIA—RELACIÓN DE CARÁCTER FIDUCIARIO—EN GENERAL.—Cuando por los términos en que está redactada la denuncia existe la relación fiduciaria entre el perjudicado—aún cuando no sea el denunciante—y el acusado, tal denuncia es, en cuanto a ese extremo, suficiente para imputar el delito de abuso de confianza.

2. ABUSO DE CONFIANZA—DEFENSAS—APROPIACIÓN ABIERTA CON TÍTULO.—Cuando el acusado justifica mediante prueba haberse apropiado del objeto u objetos de que se le acusa, abiertamente, en virtud de título aducido de buena fe, no cabe condenársele por el delito de abuso de confianza.

SENTENCIA de *Domingo Sepúlveda,* J. (San Juan), condenando al acusado por delito de abuso de confianza. *Revocada,* absolviéndose al acusado.

*R. Sancho Bonet,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

A virtud de denuncia formulada por Rafael Ignacio Gómez, Fabriciano Vélez Posada fué acusado como autor de un delito de abuso de confianza consistente en haberse apropiado voluntaria y fraudulentamente un escritorio y una maquinilla de escribir, propiedad del Consulado de la República de Colombia en San Juan, cuyos bienes habían sido

confiados a su custodia cuando actuaba como cónsul de Colombia en Puerto Rico.

Alegó que la acusación no le imputaba un delito público y su alegación fué declarada sin lugar. Fué entonces su causa a juicio y practicada la prueba la corte lo declaró culpable y lo condenó a pagar $25 de multa y en su defecto un día de cárcel por cada dólar dejado de satisfacer. No conforme, apeló para ante este tribunal, señalando en su alegato dos errores.

[1] Insiste por el primero en que la denuncia no imputa un delito público e invoca la siguiente jurisprudencia de esta corte:

"Para que exista el delito de abuso de confianza (embezzlement) es necesario que se alegue en la denuncia la existencia de alguna relación de carácter fiduciario entre el acusado y el denunciante." El *Pueblo* vs. *Quevedo,* 15 D.P.R. 73.

Según los términos en que está redactada la denuncia es claro que existe una relación fiduciaria entre el acusado y la República de Colombia, pero sostiene el apelante que no existiendo relación fiduciaria entre el acusado y el denunciante, no existe el delito.

No estamos conformes. La persona del denunciante es indiferente en esta clase de delitos. Lo importante es que el hecho imputado constituya el delito que se intenta perseguir, y aquí claramente el hecho imputado constituye un delito de abuso de confianza ya que los bienes de que fraudulentamente se alega que se apropió el acusado, estaban bajo su custodia como cónsul de su nación en Puerto Rico.

Es cierto que en el sílabo del caso de *Quevedo, supra,* que se invoca, se habla de relación fiduciaria entre el acusado y el denunciante, pero ello es un error, debido sin duda a que en dicho caso el denunciante y el perjudicado eran una misma persona. La jurisprudencia del caso, o mejor dicho de los casos de *Quevedo,* pues son dos, uno reportado a la página 73 y otro a la página 74 del tomo 15 de las

Decisiones de Puerto Rico, se basa en la establecida en el caso de *El Pueblo* v. *García,* 11 D.P.R. 355, que a su vez se fundó en la sentada por la Corte Suprema de California en el caso de *People* v. *Gorden,* 133 Cal. 328, así: "Los elementos esenciales del delito de abuso de confianza son la relación fiduciaria que surge del acto de confiar una persona su propiedad a otra en depósito, y la fraudulenta apropiación de la misma por la última."

[2] El segundo error se formula así:

"El tribunal inferior cometió error al declarar convicto al acusado de un delito de abuso de confianza, cuando éste alegó en su defensa y probó en el acto de la vista del juicio haberse apropiado los objetos mencionados en la acusación abiertamente en virtud de título aducido de buena fe, por haber adquirido los mismos con propios peculios, lo cual demostró ante el tribunal."

Se invoca el artículo 452 del Código Penal que dice:

"En los casos de acusación o denuncia por abuso de confianza, bastará como defensa justificar que la cosa fué apropiada abiertamente, en virtud de título aducido de buena fe, aunque resultare éste insostenible. Pero esta disposición no excusará la retención ilegal de bienes de otra persona para balancear o satisfacer algún crédito en contra de la misma."

Aunque la prueba documental no se ha archivado en debida forma, por haberse elevado sin la intervención del juez sentenciador, y no podrá, por tanto, ser considerada; sin embargo, la testifical es tan clara y completa que permite formar un juicio definitivo.

El acusado como se ha dicho, era el Cónsul de Colombia en Puerto Rico. El denunciante fué nombrado para sustituirlo. Se formuló un inventario por virtud del cual el primero entregaba al segundo las propiedades del Consulado. Como entre ellas no figuraba ningún escritorio ni máquina de escribir, inquirió el nuevo funcionario y el antiguo respondió que los que existían eran propiedad personal suya. Siguió investigando el nuevo cónsul y supo que el acusado en cierto anterior inventario había hecho figu-

rar el escritorio y la maquinilla como de la propiedad del consulado, y surgió entonces el conflicto que dió por resultado la denuncia, el proceso y la sentencia condenatoria.

El propio denunciante en su declaración en el juicio reconoce que el acusado se apropió del escritorio y la maquinilla abiertamente.

Dichos objetos según se demostró plenamente fueron comprados por el acusado. El acusado no percibía sueldo alguno como cónsul. Cobraba derechos. Esos derechos no le pertenecían en su totalidad. Una parte correspondía a la República de Colombia. Parece que el acusado no rindió cuentas y en cierta ocasión en que fué inspeccionada su oficina por el Visitador de Cónsules, al preparar un inventario incluyó el escritorio y la maquinilla cargando su precio a cuenta de los derechos correspondientes a su nación, y ello no le fué aceptado por el Visitador. Entonces, cuando llegó el momento definitivo de entregar al nuevo cónsul nombrado, el acusado retuvo abiertamente, alegando que le pertenecían por haberlos comprado con su dinero, el escritorio y la maquinilla.

Creemos que siendo esos los hechos, es de entera aplicación lo dispuesto en el artículo 452 del Código Penal.

No se trata aquí del alcance. No consta la totalidad de los hechos en relación con el mismo. La causa criminal iniciada solamente versa sobre la apropiación fraudulenta del escritorio y de la maquinilla. La contradicción que existía entre la actitud del acusado al preparar el antiguo inventario y el de la entrega final quedó explicada satisfactoriamente. En ningún momento los bienes de que se trata llegaron a ser propiedad de la República de Colombia confiada a la custodia del acusado. El acusado intentó trasmitirlos, pero la trasmisión no fué aceptada, y así la responsabilidad del acusado para con su nación continuó íntegra respecto del alcance en general, si es que en realidad de verdad existía, pero no hay caso alguno contra él por virtud del escritorio y de la maquinilla.

Siendo esto así, tratándose de una causa criminal en la que es necesaria la prueba de la intención fraudulenta y no habiéndose demostrado la existencia de dicha intención, el acusado debió y debe ser absuelto.

*Se revoca la sentencia recurrida y se absuelve al acusado.*