EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* AUGUSTO SAAVEDRA RIQUELME, acusado y apelado.

No. 4171.—*Sometido:* Noviembre 20, 1930. *Resuelto:* Junio 2, 1931.

*R. A. Gómez,* abogado de *El Pueblo,* apelante; *M. A. Martínez Dávila* y *L. Llorens Torres,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

El fiscal estableció esta apelación porque la Corte de Distrito de Aguadilla ordenó el sobreseimiento provisional y el archivo de la acusación contra el apelado por no alegarse en ella de modo claro una relación fiduciaria del acusado como depositario.

La acusación en lo necesario dice así:

"El fiscal formula acusación contra Augusto Saavedra Riquelme por un delito de abuso de confianza (*felony*) cometido de la manera siguiente: El referido acusado Augusto Saavedra Riquelme, con anterioridad a la presentación de esta acusación, o sea, allá por el mes de noviembre de 1929, y en el término municipal de Aguadilla, que forma parte del Distrito Judicial de Aguadilla, P. R., allí y entonces dicho acusado Augusto Saavedra Riquelme, mientras actuaba como agente y depositario de la suma de nueve mil quinientos dólares ($9,500), pertenecientes a los esposos Adolfo Saavedra Solá y Victoria Feliciano, y cuya suma estaba destinada al uso exclusivo de dichos Adolfo Saavedra Solá y de Victoria Feliciano, allí y entonces dicho acusado Augusto Saavedra Riquelme, a sabiendas de que sus deberes y obligaciones como tal depositario de dicha suma de dinero eran las de depositar, guardar y desembolsar dicho dinero por orden y bajo la dirección de dichos Adolfo Saavedra Solá y Victoria Feliciano, faltando a sus deberes y obligaciones como tal depositario, maliciosa, voluntaria y fraudulentamente distrajo, empleó y dispuso, para fines ajenos al debido y legítimo cumplimiento de su encargo, de la suma de $1,011.10 de cuya suma fraudulentamente dispuso dicho acusado Augusto Saavedra Riquelme para su propio uso y beneficio, defraudando en la misma a los expresados esposos Adolfo Saavedra Solá y Victoria Feliciano."

Según el artículo 445 del Código Penal, constituye abuso de confianza la fraudulenta apropiación de bienes, por una persona a quien habían sido confiados. El elemento característico y esencial de ese delito es que los bienes hayan llegado a poder de la persona que se los apropia por la confianza que otra persona puso en ella, por lo que tal relación de confianza debe aparecer claramente en la acusación, aunque no es necesario que sus detalles sean expuestos. 9 R.C.L. 1288.

En el presente caso la acusación dice que el acusado ac-

tuaba como agente y depositario de la suma de $9,500 pertenecientes a los esposos Saavedra, destinados al uso exclusivo de ellos; que las obligaciones del acusado eran depositar, guardar y desembolsar dicho dinero por orden y bajo la dirección de dicho matrimonio; y dice también que el acusado se apropió $1,011.10 para su propio beneficio, pero no establece relación fiduciaria entre el acusado y otra persona, pues no dice quién depositó el dinero en su poder, si fueron los expresados consortes u otra persona, pues aunque dice que el dinero pertenecía a ese matrimonio no expresa que tales consortes se lo entregaron para tenerlo a su disposición o quién se lo entregó para tenerlo a la orden de esos consortes. La relación de confianza entre una persona y el acusado debe aparecer claramente de la acusación. Debe expresarse quién puso el dinero en manos del acusado. *State* v. *Griffith,* 45 Kan. 142, citado en 20 C. J. 472, nota 49. Los casos de *El Pueblo* v. *Alomar,* 10 D.P.R. 298; *Pueblo* v. *Kent,* 10 D.P.R. 344; *Pueblo* v. *García,* 11 D.P.R. 355 y de *El Pueblo* v. *Pérez,* 39 D.P.R. 862, citados por el fiscal en apoyo de su recurso no tienen aplicación al presente porque en todos ellos se expresó claramente la persona que puso su confianza en el acusado.

*La resolución apelada debe ser confirmada.*

El Juez Presidente Señor del Toro, disintió.*