El Pueblo de Puerto Rico, demandante y apelado, *v.* Andrés Quintana Reyes, acusado y apelante.

No. 4355.—*Sometido:* Mayo 26, 1931.  *Resuelto:* Noviembre 21, 1932.

*Manuel A. Martínez Alvarez* y *R. Díaz Collazo,* abogados del apelante; *R. A. Gómez, Fiscal,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta por Andrés Quintana Reyes contra la sentencia que lo condena a sufrir la pena de tres años de presidio con trabajos forzados como consecuencia del veredicto de culpabilidad rendido contra él por el jurado que conoció del juicio.

La acusación imputa al apelante que en el mes de octubre de 1929 ilegal, voluntaria y maliciosamente sustrajo, removió y ocultó de la secretaría de la Corte de Distrito de San Juan una moción titulada "Moción para que se requiera a los fiadores para la devolución y entrega del *truck* objeto de este litigio y pago de indemnización," cuyo documento estaba depositado en dicha oficina pública para ser radicado en los autos del caso civil No. 1182 de *Quintana & Borges* v. *Rafael Porras y Juana Martín,* sobre cumplimiento de contrato y otros extremos. En la acusación también se expresa que dicho Andrés Quintana Reyes antes de la comisión del hecho que ahora se le imputa fué convicto en 8 de abril de 1908 por la Corte de Distrito de los Estados Unidos para Puerto Rico del delito de presentar para su pago, en una oficina de correos de los Estados Unidos, un giro postal falsificado, a sabiendas de que lo estaba, y condenado por dicho delito a la pena de

dos años seis meses de presidio con trabajos forzados, cuya pena extinguió en la penitenciaría de San Juan, Puerto Rico.

Uno de los motivos alegados por el apelante para sostener este recurso es que la sentencia es contraria a la prueba y asimismo contraria a derecho. Para resolverlo tenemos que hacer un resumen de la evidencia que fué presentada en el juicio.

Resulta de la prueba del fiscal que la sociedad civil agrícola Quintana & Borges, compuesta por Andrés Quintana Reyes y Juan S. Borges, presentó demanda jurada el 28 de marzo de 1926 en la Corte de Distrito de San Juan, que fué radicada con el No. 1182, contra Rafael Porras y Juana Martín para que se les condenase a cumplir un contrato por el cual vendieron a la sociedad demandante un autocamión de carga marca "Day Elder." En esa demanda se alegó que los demandados viven en concubinato bajo el mismo techo, que Rafael Porras se hizo pasar como dueño del autocamión y lo tenía en su garaje y que el negocio fué en venta condicional. En ese pleito obtuvo la sociedad Quintana & Borges la entrega provisional del autocamión mediante fianza de $1,500 que prestaron Andrés Quintana Reyes y Enrique Rincón Plumey. En 29 de noviembre de 1926 fué presentada una demanda complementaria al solo fin de establecer que la sociedad Quintana & Borges fué disuelta en julio de ese año habiendo quedado encargado de su disolución el socio gestor y capitalista Andrés Quintana Reyes. La sentencia que en 5 de marzo de 1927 puso término al pleito declaró sin lugar la demanda, siendo uno de sus fundamentos que la prueba demostró que el autocamión es propiedad de Juana Martín, a cuyo nombre está inscrito en el Departamento del Interior, siendo el otro demandado Porras su administrador para los negocios y arrendamiento de dicho vehículo, sin que se probase a satisfacción de la corte que los demandados viven en concubinato como marido y mujer. De esa sentencia apeló Quintana y Borges para ante este Tribunal Supremo pero después el pleito no fué encontrado en la corte de distrito y

esa apelación fué desestimada. Posteriormente fueron reconstruídos los autos del pleito a instancia del demandado Porras, quien presentó en la secretaría una moción para que se requiriese a los fiadores para la devolución y entrega del *truck* objeto del litigio, moción que es la que ha motivado esta causa criminal.

Presentó además el fiscal varios testigos. Rafael Burgos, contra quien puso el pleito la sociedad Quintana & Borges, se limitó a relatar la negociación habida entre él, Juan S. Borges y Andrés Quintana Reyes con respecto al autocamión marca "Day Elder" y nada dijo con referencia a que el apelante sustrajera, removiera u ocultara dicha moción. Luis Toro Cabañas es el abogado del testigo anterior en ese pleito y dijo que los autos se perdieron después de la sentencia, que fueron reconstruídos a instancia de su cliente, que presentó después la moción a que se refiere esta causa criminal el 14 de octubre de 1929 y que dos o tres días después supo por la señora que hace las radicaciones que esa moción se había perdido, por lo que la hizo de nuevo; pero nada declaró con respecto a quien hiciera desaparecer la moción. Josefina Naranjo declaró ser empleada de la Corte de Distrito de San Juan y ser una de sus obligaciones radicar todas las mociones que se presenten en la secretaría; que radicó una moción para requerir a los fiadores a la devolución y entrega del *truck* a que se refiere el pleito; que le puso nota de radicación y su firma al final de ella, la colocó en la canasta que tiene en su escritorio y mandó a buscar el expediente al archivo para agregársela y darle cuenta al juez porque tenía que firmar una orden; que en la tarde de ese día llegó el acusado Quintana, vió la moción y dejándola dijo que no tenía importancia; que al siguiente día se la pidió otra vez para verla con más detenimiento y se sentó a leerla en un escritorio de la secretaría que está a la vista de la testigo; que ella se entretuvo después despachando su trabajo y no se ocupó más de la moción y que cuando el archivero le llevó por la tarde el expediente encontró que no estaba la moción,

la que no le fué devuelta personalmente; que con frecuencia se han extraviado expedientes allí y algunos aparecen después de algún tiempo; que después de las horas de oficina cualquier persona puede llevarse una moción sin necesidad de pedírsela; que allí no hay seguridad alguna y los expedientes están encima de la mesa y puede cualquiera coger un papel y llevárselo; que ninguna otra persona le pidió la moción; que se han dado casos de que alguna persona interesada se lleve un documento equivocadamente y lo devuelva después; que esa moción no apareció y fué reconstruída. José Otero, portero y archivero auxiliar de la corte, declaró que ha visto muchas veces al acusado en la secretaría de la corte, casi siempre en las primeras horas laborables de la oficina; que un día le dijo Quintana que le mostrara la moción y el testigo haló la gaveta derecha del escritorio y la buscó sin encontrarla y le dijo: "Mire a ver si la Sra. Naranjo la tiene en su canasta" y fué y la buscó y entonces lo vió sentado leyendo la moción; no vió cuando él se levantó de donde estaba leyéndola; fué buscada sin que apareciera; que otras veces se han desaparecido mociones y han sido reproducidas. Sixto Saldaña, otro de los testigos del fiscal, en nada se refirió a la comisión del hecho perseguido en este proceso pues se limitó a identificar la hoja histórico penal del apelante por el delito anterior en la que consta su retrato y circunstancias personales, cuya hoja original fué presentada por el fiscal como evidencia. Tal es toda la prueba del fiscal.

No relacionaremos la prueba presentada por la defensa porque nada resulta de ella que tienda a probar la culpabilidad del apelante.

No hubo prueba alguna directa del fiscal respecto a que el apelante sustrajo, removió y ocultó la moción a que se refiere la acusación. No vamos a hacer un nuevo resumen de esa prueba pero sí diremos que lo más que resulta de ella es que siendo el apelante uno de los fiadores para que fuese entregado provisionalmente el autocamión en litigio a la demandante, solicitó en la secretaría de la corte y le fué entregada

para leerla la moción a que venimos refiriéndonos, sentándose con tal fin en un escritorio que estaba a la vista de los empleados de la corte; que no la devolvió personalmente a la empleada que se la entregó y que en la tarde de ese día no fué encontrada la moción, la que fué reproducida después.

Esa prueba es circunstancial. Con respecto a esta clase de prueba ha declarado este tribunal, citando a Greenleaf, vol. 1, sec. 34, que cuando se trata de probar una acusación criminal por medio de evidencia circunstancial, la prueba debe ser no sólo compatible con la culpabilidad sino incompatible con cualquiera otra conclusión racional. *El Pueblo* v. *Nevárez,* 10 D.P.R. 102. En el presente caso la prueba circunstancial es de tal naturaleza que no excluye la conclusión de que no fuera el apelante el que sustrajera dicha moción, pues racionalmente permite llegar a la de que la pusiera en la canasta en que antes estaba y que después se haya extraviado como con frecuencia se han extraviado mociones y pleitos en dicha corte, tanto más cuanto que la extracción de tal moción no reportaba beneficio ninguno al apelante porque podía ser reproducida como lo fué a los pocos días, circunstancia que el apelante debía conocer por ser un agente judicial y por haber sido reconstruído antes el mismo pleito. Entendemos que esa prueba no es suficiente para sostener una sentencia condenatoria.

*La sentencia apelada debe ser revocada y absolverse al acusado.*

El Juez Asociado Señor Córdova Dávila no intervino.