EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ FLORES, acusado y apelante.

No. 5696.—*Sometido:* Mayo 29, 1935. *Resuelto:* Junio 3, 1935.

*Pedro Baigés Gómez,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

José Flores interpuso esta apelación contra la sentencia que lo condena a sufrir treinta días de cárcel por delito de abuso de confianza. El fundamento de su apelación es que la denuncia formulada contra él no le imputa delito al-

guno, por lo que debe ser absuelto. El fiscal de este tribunal está conforme con esa alegación del apelante.

La denuncia en cuestión dice así:

"Yo, Rafael Martínez Peña, vecino de San Juan, P. R., Calle Avenida Ponce de León No. 212, mayor de edad, formulo denuncia contra José Flores por delito de abuso de confianza cometido de la manera siguiente: Que en uno de los días comprendidos entre el veinticinco de octubre de 1933 y 4 de junio de 1934, y en Mayagüez, P. R., del Distrito Judicial Municipal de Mayagüez, P. R., que a su vez forma parte del Distrito Judicial de Mayagüez, P. R., el referido acusado José Flores, maliciosa, ilegal, voluntaria y criminalmente, con el deliberado propósito de defraudar como defraudó al denunciante Rafael Martínez Peña se apropió y dispuso de un Juego de Sala No. 745–7 valorado en la suma de $35.00 que le fuera confiado a dicho acusado José Flores en virtud de un contrato de venta condicional de bienes muebles celebrado por él con Méndez López & Cía. Sucrs. que hacen negocios bajo el nombre también de Borinquen Furniture Co., cuyo contrato fué cedido por esta Compañía al denunciante y éste al ejecutar el contrato por falta de cumplimiento y de pago y obtener una orden para la reposesión de los bienes para ser ejecutada por el Marshal de esta Corte Municipal de Mayagüez, P. R., no pudo cumplirla o ejecutarla porque el acusado José Flores le manifestó a dicho funcionario 'que no entregaba dichos bienes muebles porque no los tenía, que no había comprado a la demandante tales bienes muebles, que nunca había firmado contrato alguno de venta condicional a la demandante en este caso,' siendo lo cierto que dicho acusado José Flores vendió dicho juego de sala No. 745–7 a Genaro Bassat y de tal suma dispuso el precitado acusado del referido juego de muebles y de su importe, valor y producto utilizándolo en su propio y particular beneficio y defraudando de este modo al denunciante Rafael Martínez Peña a título de cesionario en la suma de $31.00 moneda legal de los Estados Unidos de América.''

██ Esa denuncia, en resumen, imputa a Flores que habiendo comprado mediante un contrato de venta condicional varios muebles para sala los vendió a tercera persona antes de que hubiese pagado todo el precio de su adquisición, perjudicando así al denunciante en la cantidad de $31.

La Ley Núm. 61 de 1916 (pág. 126) enmendada en su artículo 6 por la Ley Núm. 40 de 1925 (pág. 247) y en sus ar-

tículos 4 y 10 por otra ley, la Núm. 88 (pág. 671), del mismo año que la anterior, autoriza los contratos para la venta de bienes muebles y semovientes bajo la condición de que la propiedad de los mismos será retenida por el vendedor condicional hasta que dichos bienes sean pagados en su totalidad o hasta que ocurra cualquier futuro evento o contingencia. En esa ley no hay precepto alguno que haga constitutivo de delito y penable el hecho de que el comprador condicional venda los bienes así adquiridos a tercera persona antes de haber satisfecho todo el precio de su compra condicional, por lo que tendremos que acudir al Código Penal para determinar si el acto realizado por el denunciado es constitutivo del delito de abuso de confianza por el cual fué condenado.

El elemento esencial del delito de abuso de confianza es la relación fiduciaria entre el perjudicado y el acusado. *El Pueblo v. Vélez*, 37 D.P.R. 905. Por esto dice el artículo 445 del Código Penal en su texto inglés que constituye abuso de confianza la fraudulenta apropiación de bienes por una persona a quien le han sido confiados. Esa relación fiduciaria o de confianza no existe en este caso porque los muebles para sala fueron entregados a Flores por virtud de un contrato condicional y no meramente por la confianza que en él tuviera el que vendió dichos muebles. Según hemos declarado en el caso de *Montalvo v. Valdivieso*, 38 D.P.R. 545, el comprador en una venta condicional es un verdadero dueño de los bienes comprados, pero en un dominio sujeto a desaparición por medio de la resolución, o sea por el acaecimiento del suceso que constituye la condición del contrato. En algunas jurisdicciones como en California se han introducido enmiendas al Código Penal para comprender como abuso de confianza hechos como los imputados al apelante, y en otras se ha creado un nuevo delito.

*Por todo lo expuesto entendemos que la denuncia no imputa al apelante el delito por el cual fué condenado y debe ser absuelto.*