El Pueblo de Puerto Rico, demandante y apelado, *v.* Anastasio Nieves Rodríguez, acusado y apelante.

Núm. 11357.—*Sometido:* Abril 10, 1946. *Resuelto:* Abril 25, 1946.

*José Rafael Gelpí y Baltazar Quiñones Elías,* abogados del apelante; *Luis Negrón Fernández, Procurador General Interino* y *J. Correa Suárez, Fiscal Auxiliar del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

El apelante fué acusado y convicto de un delito de abuso de confianza. Alega como único fundamento de este recurso que la acusación radicada contra él no aduce hechos constitutivos de delito público y que la corte *a quo* erró al no decretarlo así.

La acusación en cuanto es pertinente, dice así:

"El referido acusado, . . . ilegal, voluntaria, maliciosa y fraudulentamente, en ocasión de desempeñar el cargo de *agente vendedor* de Guillermo J. Kearney, *se apropió, usándola en su propio beneficio y para fines ajenos al legítimo desempeño de su cargo como tal vendedor, de la suma de tres mil novecientos veinte dólares que en representación de Guillermo J. Kearney recibió en pago de la venta de 870 quintales de azúcar,* propiedad de dicho Guillermo J. Kearney, defraudando de esta manera al referido Guillermo J. Kearney, en la suma ya indicada de tres mil novecientos veinte dólares." (Bastardillas nuestras.)

El delito imputádole al apelante aparece descrito en el Código Penal, así:

"§445.—Abuso de confianza, definición:—Constituye abuso de confianza la fraudulenta sustracción o malversación de bienes, por una persona a quien habían sido confiados."

Arguye el apelante que la acusación es insuficiente para imputar un delito de abuso de confianza, toda vez que en la misma no se alega el elemento esencial de dicho delito o sea "que los dineros que se alega indebidamente usados fueron encomendados (*entrusted*) al acusado." Cita en apoyo de su contención la decisión de este Tribunal en *El Pueblo v. Saavedra,* 42 D.P.R. 365.

En el citado caso se alegó que el acusado actuaba como agente y depositario de cierta suma perteneciente a los esposos Saavedra; que las obligaciones del acusado eran depositar, guardar y desembolsar dicho dinero por orden y bajo la dirección de dichos esposos; y, por último, que el acusado se

apropió parte del dinero para su propio beneficio. La sentencia fué revocada. El Tribunal llegó a la conclusión de que la acusación era insuficiente, ''pues no dice quién depositó el dinero en su poder, si fueron los expresados consortes u otra persona, pues aunque dice que el dinero pertenecía a ese matrimonio no expresa que tales consortes se lo entregaron para tenerlo a su disposición o quién se lo entregó para tenerlo a la orden de esos consortes. La relación de confianza entre una persona y el acusado debe aparecer claramente de la acusación. Debe expresarse quién puso el dinero en manos del acusado.'' Vemos, pues, que la razón fundamental que tuvo la corte para considerar la acusación insuficiente fué que de ella no aparecía claramente la persona que había puesto su confianza en el acusado.

La jurisprudencia sostiene que el elemento esencial y característico del delito de abuso de confianza es que los bienes hayan llegado a poder de la persona que se los apropia por la confianza que otra persona puso en ella, por lo que tal relación de confianza debe aparecer claramente en la acusación, aunque no es necesario que sus detalles sean expuestos. 9 R.C.L. 1288. La alegación que se hizo en el caso de *Saavedra* de que éste ''actuaba como agente depositario'' de cierta suma, no era suficiente para establecer una relación fiduciaria entre Saavedra y otra persona que pudiera haberle confiado el dinero; y no era incompatible con el hecho de que Saavedra se constituyera él mismo en depositario del dinero para entregarlo más tarde a un tercero.

La acusación en el caso de autos cumple a nuestro juicio con los requisitos esenciales del estatuto y se ajusta a la regla aplicada en el caso de Saavedra. Alega, en primer término, que el acusado desempeñaba el cargo de agente vendedor del señor Kearney. Ésta es a nuestro juicio una alegación suficiente de la existencia de una relación fiduciaria entre Kearney, como principal, y el acusado, como agente vendedor de Kearney para la venta de azúcar. Alega, en segundo término,

que encontrándose en el desempeño de dicho cargo de agente vendedor, el acusado se apropió de la suma de $3,920, la cual había recibido en pago del precio de venta de 870 quintales de azúcar, propiedad de Kearney. De esas alegaciones se desprende claramente que fué Kearney quien puso su confianza en el acusado cuando le entregó el azúcar para que lo vendiese y le entregase el precio de la venta cuando lo recibiera del comprador.

La acusación impugnada es suficiente para informar al acusado de la naturaleza del delito imputádole.

*La sentencia debe ser confirmada.*