EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* LUIS RÍOS POL, conocido por JUAN RUIZ, acusado y apelante.

Núms. 13650 y 13570.—*Sometidos:* Enero 25, 1949. *Resueltos:* Abril 7, 1949.

*Bauzá & Bauzá,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco y J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

Luis Ríos Pol fué acusado ante la Corte de Distrito de Aguadilla de un delito de abuso de confianza([1]) cometido en el mes de agosto de 1947. Meses más tarde, esta misma persona fué acusada ante el Tribunal de Distrito de San Juan de un delito de hurto de mayor cuantía.([2]) En ambos casos

([1]) Caso número 13650.
([2]) Caso número 13570.

la situación de hechos que dió lugar a ambas acusaciones es similar. Fué declarado culpable en ambos casos después de celebrarle juicios por jurado, y sentenciado a cumplir de dos a cuatro años de presidio en el primer caso y de tres a ocho años de presidio en el segundo.

No conforme el acusado con ninguna de las dos sentencias, apeló para ante este Tribunal. Por tratarse de dos apelaciones íntimamente relacionadas, discutiremos las cuestiones envueltas en una sola opinión.

### Caso Núm. 13650 Sobre Abuso de Confianza.

En este caso el Fiscal de este Tribunal se allana a que revoquemos la sentencia y solicita que devolvamos el caso a la corte inferior para la radicación de una nueva acusación debido a que erró la corte de Aguadilla al condenar al apelante por un delito de abuso de confianza, cuando la prueba demostró que el delito cometido fué el de hurto mayor.

De acuerdo con la prueba presentada a la corte inferior se desprende que el apelante el día en que ocurrieron los hechos, manejaba un camión con una tablilla robada; que al pasar por los almacenes del comerciante al por mayor Plino Graciani, situados en la calle Tetuán en San Juan, notó que había allí dos barriles de jamón consignados a Ramón Martínez de Vega Baja. Momentos más tarde, el acusado se presentó en compañía de dos personas más, solicitando la mercancía destinada a Ramón Martínez para conducirla a Vega Baja; que dicha mercancía le fué entregada al apelante después que uno de sus acompañantes firmó el conduce dando un nombre falso. Una vez en poder de los dos barriles de jamón, éstos fueron montados en el camión, dirigiéndose a Aguadilla donde dicha mercancía fué vendida al Sr. Gregorio Cruz López por la cantidad de $242, pagándola el comprador con un cheque que extendió a nombre de Ernesto Pérez, ya que ése fué el nombre que le dió el apelante. También se desprende de la prueba que el Sr. Ramón Mar-

tínez en ningún momento autorizó al apelante a recoger la mencionada mercancía para llevársela a Vega Baja.

En el caso de *Pueblo* v. *Kent,* 10 D.P.R. 343, este Tribunal fijó la diferencia que existe entre el delito de abuso de confianza y hurto al decir:

"La diferencia entre los delitos de abuso de confianza y hurto, consiste en que, en el primero, el acusado está legalmente en posesión de los artículos o bienes y se los apropia o los hace suyos ilegalmente, mientras que en el segundo, el acusado se apropia ilegalmente tales artículos o bienes, tomándolos de poder de otras personas." Sumario, pág. 344.

Y en el de *Pueblo* v. *Flores,* 48 D.P.R. 589, 591, dijimos que:

"\* \* \* \* \* \* \*

"El elemento esencial del delito de abuso de confianza es la relación fiduciaria entre el perjudicado y el acusado. *El Pueblo* v. *Vélez,* 37 D.P.R. 905. Por esto dice el artículo 445 del Código Penal en su texto inglés que constituye abuso de confianza la fraudulenta apropiación de bienes por una persona a quien le han sido confiados. . . ."

En relación con el requisito de confianza, en el caso de *Pueblo* v. *Nieves,* 65 D.P.R. 952, 954, dijimos que:

"\* \* \* \* \* \* \*

"La jurisprudencia sostiene que el elemento esencial y característico del delito de abuso de confianza es que los bienes hayan llegado a poder de la persona que se los apropia por la confianza que otra persona puso en ella, por lo que tal relación de confianza debe aparecer claramente en la acusación, aunque no es necesario que sus detalles sean expuestos. . . ."

No habiendo el apelante obtenido la posesión legal de la mercancía, ya que se valió de una treta o engaño para obtenerla y no fué autorizado a transportar la misma a Aguadilla por el Sr. Graciani ni por el Sr. Martínez, el delito cometido no es el de abuso de confianza. Bajo las circunstancias concurrentes, según veremos al discutir el otro caso, el delito cometido fué el de hurto de mayor cuantía. Demos-

834

trando la prueba que el delito cometido por el acusado no es el alegado en la acusación y sí uno distinto no comprendido en el imputado, existe una clara incongruencia entre dicha acusación y la prueba que impiden declarar al acusado culpable. *Pueblo* v. *León,* 67 D.P.R. 557.

*Caso Núm. 13570 Sobre Hurto de Mayor Cuantía.*

 En este caso, procedente del Tribunal de Distrito de San Juan, se acusó al apelante de un delito de hurto de mayor cuantía, siendo declarado culpable por un jurado del delito imputádole. El apelante alega que la corte inferior cometió error al condenarlo por dicho delito, a pesar de que la prueba demostró un delito de abuso de confianza.

Los hechos, de acuerdo con la prueba presentada en la corte inferior, son los siguientes:

La casa de Sobrino de Izquierdo tenía en el muelle núm. 7 en San Juan cierta cantidad de bacalao para ser entregada a varios clientes de Aguadilla. El día 30 de diciembre de 1946, el apelante se presentó a la oficina del mencionado establecimiento comercial solicitando la orden de levantamiento del mencionado bacalao para entregarlo a los distintos clientes de Aguadilla. Al expedirse la orden de levantamiento, el apelante dió un nombre falso y además dió el núm. H–822 como el de la tablilla del camión que levantaría la mercancía del muelle. Una vez en poder de dicha orden, el apelante alquiló un camión de la propiedad del Sr. Ismael Colón Cruz para que le ayudara a transportar una mercancía a Aguadilla. Como el camión alquilado tenía un número de tablilla distinto al dado por el apelante al obtener la orden de levantamiento, se vió en la necesidad de cambiar el mismo y poner en su lugar en la orden el núm. H–2388 que era el número de la tablilla del camión alquilado. Una vez en el muelle la carga de la mercancía se le hizo fácil, ya que sólo tuvo que dar la orden de levantamiento y se le despachó el bacalao solicitado. El apelante, en lugar de llevar el bacalao

a Aguadilla, lo vendió en Bayamón a los Almacenes Acevedo por la suma de $851.20, pagando el comprador con un cheque que extendió a nombre de Juan Ruiz, nombre falso dado por el apelante. Al dueño del camión el apelante le pagó con un billete de diez dólares diciéndole que había decidido vender el bacalao en Bayamón.

Como puede verse, el *modus operandi* que empleó el apelante es el mismo en los dos casos.

En éste, al igual que en el otro, no servía de agente a ninguna de las dos partes, ni a Sobrino de Izquierdo ni a los comerciantes de Aguadilla, por tanto, no cometió el delito de abuso de confianza ya que en ningún momento obtuvo la posesión legal de los artículos sino que se valió de una treta o engaño para obtener la misma. No existía, por tanto, la relación fiduciaria o de confianza necesaria para el delito de abuso de confianza.

La cuestión a resolver en este caso es si la prueba presentada es suficiente para sostener el veredicto de hurto de mayor cuantía.

El delito de hurto está definido por el artículo 426 del Código Penal (ed. 1937), en la forma siguiente: "Hurto (*larceny*) es el acto de sustraer, con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona." Y el 428 dispone que es de mayor cuantía cuando el valor de la propiedad sustraída es de cien dólares o más o cuando la propiedad se sustrae de la persona. El artículo 426, supra, corresponde al artículo 484 del Código Penal de California, el cual, antes de ser enmendado, leía como sigue:

"*Larceny, Defined. Larceny is the felonious stealing, taking, carrying, leading, or driving away the personal property of another.*"[3]

---

[3] En el año 1927 se enmendó el artículo 484 del Código Penal de California creándose el delito de "*theft*", el cual incluye en su definición el abuso de confianza, hurto, y falsa representación. En *People* v. *Myers*, 206 Cal. 480, 275 P. 219, 220, se dijo que:

" . . . el efecto de la sección como ahora aparece es meramente amalgamar los

Interpretando el alcance de este artículo en el caso de *People* v. *Edwards,* 236 P. 944, la Corte de Distrito de Apelaciones de California dijo:

"" * * * * * * *

"Para constituir hurto, el primer requisito es que haya una 'sustracción' (18 *Am. & Eng. Ency. of Law* [2ª. Ed.] pág. 468) ; esto es, la cosa que es sujeto del delito tiene que haber sido sustraída de la posesión del dueño a la posesión del ladrón. La sustracción, para sostener una acusación de hurto, tiene que ser contra la voluntad del dueño, o por lo menos sin su consentimiento; en otras palabras, el acto de sustraer tiene que ser una invasión o transgresión (*trespass*) en contra de la posesión del dueño. Id. pág. 469. Aun cuando la sustracción tiene que ser en contra de la voluntad del dueño o una invasión de la posesión, sin embargo una invasión efectiva (*actual*) o una violencia efectiva no es necesaria. El fraude puede sustituir la fuerza. Está bien resuelto que una sustracción, dentro de la definición de hurto, ocurre cuando una persona, con un designio preconcebido de apropiarse la propiedad para su propio uso, obtiene dicha posesión por medio de fraude o de una treta. En ese caso el fraude vicia la transacción, y el dueño se presume que retiene una posesión constructiva de la propiedad. 17 R.C.L. págs. 13, 14. O, como se ha dicho, 'el fraude sustituirá a la invasión o transgresión (*trespass*) en la sustracción, y así hará que la conversión sea realizada con intención criminal.' *People* v. *Shaw*, 57 Mich. 403, 24 N.W. 121, 58 Am. Rep. 372. Es esencial en tales casos que el dueño tenga la intención de desprenderse únicamente de la posesión, y no de transferir el título también. Si su intención es transferir tanto la posesión como el título, la transacción, aun cuando puede constituir el delito de obtener dinero bajo falsas representaciones, no constituirá hurto. Pero el dueño no se desprende del título a favor del supuesto ladrón, cuando la propiedad que es sujeto del hurto es entregada por el dueño al acusado para ser aplicada por este último a un fin determinado y el que recibe la propiedad, habiendo obtenido la posesión fraudulentamente con la intención preconcebida de apropiarse la propiedad para su propio uso, en efecto la convierte posteriormente a su propio uso en lugar de aplicarla al propósito contemplado por el dueño. [Citas.] . . ."

delitos de hurto, abuso de confianza, falsa representación y otros similares bajo el nombre común de '*theft*'. Ninguno de los elementos de los delitos anteriores ha sido cambiado por adición o eliminación. Esto es especialmente así en cuanto al delito de hurto. . . ."

Al mismo efecto véanse *People* v. *White*, 12 P.2d 1078 y casos en él citados; *People* v. *Hennessey*, 201 Cal. 568 y *Murchison* v. *State*, 26 S.2d 622.

Aplicando la regla antes enunciada a la prueba de este caso, la cual no fué controvertida, ya que el apelante no presentó prueba en la corte inferior, se demostró que el apelante obtuvo la mercancía alegando falsamente que era con el fin de transportarla a los distintos clientes de Sobrino de Izquierdo en Aguadilla. El propósito para el cual el dueño se la entregó al acusado fué para repartirla entre dichos clientes. El apelante, después de obtener ilegalmente la posesión de la mercancía valiéndose de la treta y engaño, no la entregó sino que la vendió como si fuera suya, siguiendo así el plan que había trazado. Fué de fraude y de engaño que el acusado se valió para obtener la posesión ilegal de la mercancía y el haber obtenido la posesión en esa forma constituye una sustracción con intención criminal suficiente para sostener el veredicto del jurado bajo el artículo 426, supra, y por tanto, no erró la corte al condenarlo por dicho delito.

Alega además el apelante que la corte inferior no tenía jurisdicción para entender en este caso porque la conversión de los bienes objeto de la acusación ocurrió en Bayamón. No tiene razón. Al apelante no se le estaba juzgando por el delito de abuso de confianza([4]) sino por el de hurto de mayor cuantía.

*Debe revocarse la sentencia dictada en el caso número 13650 por abuso de confianza procedente de la Corte de Distrito de Aguadilla y absolverse al acusado, sin perjuicio de que el fiscal formule nueva acusación contra el apelante por el delito de hurto de mayor cuantía, si procede, y confirmarse la dictada en el caso número 13570 por hurto de mayor cuantía procedente del Tribunal de Distrito de San Juan.*

---

([4])Véanse *Blanco* v. *El Pueblo*, 25 D.P.R. 720 y *Pueblo* v. *Feijó*, 41 D.P.R. 887, en cuanto a la jurisdicción de las Cortes de Distrito en delitos de abuso de confianza.