El Pueblo de Puerto Rico, demandante y apelado, *v.* Oscar Guillermo Arteaga, acusado y apelante.

Núm. 14041.—*Sometido:* Noviembre 17, 1949. *Resuelto:* Diciembre 13, 1949.

*Benjamín Ortíz*, abogado del apelante; *Hon. Procurador General Vicente Géigel Polanco (Carlos Santana Becerra, Procurador General Interino,* en el alegato), *J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar*, abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Siete denuncias presentadas contra Oscar Guillermo Arteaga por el delito de abuso de confianza le imputan en lo esencial haberse apropiado de ciertas cantidades de dinero confiádasle por la Pan American Airways y haberlas utilizado en su propio beneficio. Vistos los casos conjuntamente, el

tribunal inferior archivó uno de ellos a petición del fiscal y le declaró culpable en los demás, sentenciándolo en cada caso a cumplir cinco meses de cárcel, debiendo las sentencias ser cumplidas concurrentemente. No conforme, el acusado ha apelado. Sostiene que la corte inferior cometió error: (1) al dictar sentencia condenatoria, por no ser la prueba presentada suficiente para constituir el delito de abuso de confianza; (2) al resolver implícitamente que la prueba circunstancial presentada era suficiente en derecho para justificar su convicción; (3) al dictar las sentencias, toda vez que la prueba demostró que las personas o entidades dueñas del dinero que se alega fué apropiado por él son personas o entidades distintas a aquéllas mencionadas en la acusación; (4) al dictar sentencia condenatoria, no obstante demostrar la prueba exclusivamente la comisión de un delito de hurto menor y no de uno de abuso de confianza; (5) al dictar sentencia condenatoria con prueba insuficiente para constituir el delito imputado; y (6) al dar credibilidad a distintas partes del testimonio de los testigos de cargo.

 Como se ha visto, los errores señalados por el apelante se dirigen casi en su totalidad a la apreciación de la prueba hecha por el tribunal inferior. Expondremos ésta brevemente. La del Pueblo tendió a demostrar que para las fechas mencionadas en las denuncias el acusado era empleado de la Pan American Airways, en San Juan, siendo una de sus obligaciones recibir el dinero cobrado por concepto de los paquetes C.O.D. y entregarlo a Iraida García, cajera de la Pan American Airways en la misma oficina; que el dinero mencionado en las denuncias fué entregado al acusado, directamente por el destinatario de la mercancía en uno de los casos, y en los demás por los chóferes que hicieron entrega de los paquetes a los destinatarios respectivos; que las cantidades así recibidas por el apelante no fueron por él entregadas a la cajera ni ingresadas por él en forma alguna en las arcas de su patrono; que la gaveta donde se guardaba el dinero tenía dos llaves, las cuales desde febrero 1ro. a abril 19 de 1947 estaban en poder del acusado Arteaga; que la cajita

de acero donde también se guardaba el dinero tenía una sola llave, la cual estaba en posesión de Arteaga; que algunos originales de los "delivery sheets" en que se hacía figurar la mercancía entregada desaparecieron misteriosamente; y que el acusado no había hecho los "inter-office cash reports" durante el período comprendido entre el 20 de enero y marzo 24 de 1947, según era su deber.([1]) La prueba del acusado, consistente en su propio testimonio, fué al efecto de que no recibió tales cantidades; que en la oficina había una gaveta de madera y una cajita de acero, donde se ponía el dinero recibido, y que esa cajita a su vez era por las tardes guardada en una caja de seguridad; que tanto él como otros empleados tenían llaves de la gaveta y de la cajita; que la combinación de la caja de seguridad la sabían tanto la cajera García como su jefe inmediato Sr. Sumner; que cuando él salía o estaba ausente de la oficina por cualquier motivo, otras personas abrían dichas cajitas y la caja de seguridad; que suspendió los "inter-office cash reports" después de consultar con la cajera; y que nunca destruyó ni hizo desaparecer ningunos "delivery sheets".

Con esa prueba, conforme hemos indicado, la corte lo declaró culpable en seis de los siete casos.

La apreciación de la prueba, según tantas veces hemos dicho, es cuestión que descansa enteramente en la sana discreción del tribunal sentenciador y esa apreciación no será alterada por nosotros a no ser que se nos convenza de que el tribunal a quo cometió manifiesto error o procedió movido por pasión, prejuicio o parcialidad. *Pueblo* v. *Santos,* 67 D.P.R. 650, 653. En el presente caso hay suficiente prueba en los autos para justificar las sentencias dictadas y no se ha alegado ni probado, por otra parte, que la corte actuara movida por pasión, prejuicio o parcialidad.

■■ Aceptamos como correcta la teoría del acusado de que cuando se trata de probar una acusación criminal por

---

([1]) En las denuncias se alegaba que los delitos fueron cometidos en distintas fechas de febrero y marzo de 1947.

medio de evidencia circunstancial, tal prueba debe ser no sólo compatible con la culpabilidad del acusado, sino incompatible con cualquiera otra hipótesis razonable de su inocencia. *Pueblo v. Sánchez,* 55 D.P.R. 351; *Pueblo v. Quintana,* 44 D.P.R. 40; *Pueblo v. Nevárez,* 10 D.P.R. 94, 102. Sin embargo, en adición a la prueba circunstancial, hubo suficiente prueba directa para justificar la conclusión a que llegó el tribunal inferior. En su consecuencia, se hace innecesario discutir la prueba circunstancial aducida para determinar si el principio enunciado es de aplicación en el presente caso.

▇ No demostró la prueba que las cantidades recibidas por el acusado pertenecieran a personas extrañas. Por el contrario, sí reveló que dichas cantidades le fueron entregadas por concepto de paquetes recibidos por su patrono, Pan American Airways, al ser entregados éstos a sus destinatarios. Una vez recibido ese dinero por el apelante, el mismo no pertenecía a los destinatarios ni a los remitentes de los paquetes entregados. Pertenecía entonces a su patrono, Pan American Airways, la que desde el momento mismo en que el dinero se recibía por el acusado, se convertía en deudora de los remitentes por el importe que debía trasmitir a éstos, luego de haber descontado los gastos de transportación que ella cobraba. Sea ello como fuere, es innegable que por lo menos el importe de los gastos de transportación pertenecía a la Pan American Airways. *Cf.* 29 C.J.S. sec. 37, págs. 726, 727.

▇ Es igualmente incuestionable que al serle entregadas las sumas en cuestión, el acusado tomó posesión de ellas en forma legal.(²) Bajo esas circunstancias el delito cometido lo fué el de abuso de confianza y no. el de hurto. Véanse

---

(²)Los artículos 426 y 445 del Código Penal definen los delitos de hurto y abuso de confianza así:

*Artículo 426:* "Hurto (*larceny*) es el acto de sustraer, con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona."

*Artículo 445:* "Constituye abuso de confianza la fraudulenta sustracción o malversación de bienes, por una persona a quien habían sido confiados."

*Pueblo* v. *Ríos,* 69 D.P.R. 830; *Pueblo* v. *Flores,* 48 D.P.R. 589, 591; 146 A.L.R. 532; 18 Am. Jur., sec. 12, pág. 577; 29 C.J.S., sec. 4, pág. 672.

No habiéndose cometido ninguno de los errores señalados, *procede confirmar las sentencias apeladas.*