EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* GONZALO ALMODÓVAR, acusado y apelante.

Núm. 13584.—*Sometido:* Febrero 15, 1950.  *Resuelto:* Marzo 17, 1950.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Fernando Fornaris, Jr., Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La acusación en este caso lee así:

"El referido acusado, Gonzalo Almodóvar, allá en o por el día 30 de junio de 1948, y en Sabana Grande, P. R., que forma parte del Distrito Judicial de Mayagüez, P. R., y en ocasión en que fuera allanado su automóvil Pontiac, licencia núm. 9689, motor número 6–957270, mediante una orden de allanamiento expedida por el Hon. Juez de Paz de Sabana Grande, P. R., de común acuerdo con Santos Ramírez, Rubén Rodríguez y Juan Figueroa, tenía en su poder, poseía y transportaba en el mencionado vehículo de motor, listas de números y letras que se usan y pueden utilizarse para y están conectadas con los juegos ilegales de la 'Bolita', 'Boli-Pool', combinaciones relacionadas con los 'Pools', y bancas de los hipódromos de Puerto Rico y loterías clandestinas."

Celebrado el juicio la corte inferior declaró culpable al acusado y lo condenó a cumplir dos años de cárcel. No conforme con la sentencia apeló y en este recurso sostiene, 1ro. que su convicción es nula por cuanto la sección 4 de la Ley núm. 220 de 1948 ((1) pág. 739), por cuya infracción fué condenado, es anticonstitucional, toda vez que no define con suficiente precisión y claridad el delito que por ella se intentó crear, y 2do. que la sentencia es errónea porque la evidencia admitida no es suficiente para justificar una convicción.

No obstante la extensa y muy hábil argumentación que hace el abogado del apelante en su alegato en cuanto al primer error señalado en relación con la inconstitucionali-

dad de la sección 4 de la Ley núm. 220 de 1948, no tenemos en el presente caso que resolver dicha cuestión[1] pues hemos llegado a la conclusión de que el segundo error fué cometido y que la prueba presentada es insuficiente para sostener la convicción del apelante.

El presente caso fué sometido a la corte inferior, por estipulación de las partes, con la misma prueba de cargo presentada en el caso, ya visto y resuelto por la corte inferior, de El Pueblo v. Santos Ramírez, Rubén Rodríguez y Juan Figueroa por infracción a la Ley 220 de 1948,[2] y además con la declaración del testigo Quintín Hernández, Juez de Paz de Sabana Grande. El acusado presentó moción de *nonsuit* y al ser declarada sin lugar no presentó prueba de descargo.

La prueba de cargo en el caso de *El Pueblo* v. *Ramírez et al.*, supra, consistió, además del material de bolita ocupado, en la declaración del policía insular Ismael Cherena, la cual sintetizamos en la opinión *per curiam* de dicho caso en esta forma:

"Según se desprende de la declaración prestada por el policía Cherena, éste estaba velando desde hacía tiempo a los tres acusados pues tenía información de que ellos se dedicaban al juego de la bolita. El día en que se llevó a cabo el allanamiento del automóvil de Almodóvar, Cherena había ido hasta Yauco observando los pasos dados por los acusados y vió cuando el carro en que iban los tres y el cual era manejado por Rubén Rodríguez, se detuvo frente a la casa de Pablo Portalatín, bajándose del mismo Santos Ramírez, quien cogió un paquete blanco y amarillo lanzándolo dentro del automóvil. A su vez el otro acusado, Juan Figueroa, esperaba con la puerta abierta a que se montara Santos Ramírez. Inmediatamente salieron los apelantes y se le perdieron de vista al testigo. Éste abordó un carro público que pasaba y diciéndole al chófer que tenía prisa porque tenía una niña enferma, se dirigió hacia Sabana Grande.

---

[1] En el día de hoy la estamos resolviendo en el caso de *El Pueblo* v. *Plácida Mantilla Rodríguez* (pág. 36).

[2] Dicho caso fué confirmado por esta Corte, con opinión *per curiam*, el 9 de noviembre de 1949.

Una vez en dicho pueblo, fué al cuartel de la policía, donde le fué entregada una orden de allanamiento para registrar el antes mencionado automóvil. Ya en poder de la orden, el testigo con otros tres policías, se dirigió al sitio donde él esperaba que llegara el automóvil en que viajaban los acusados. En los momentos de ellos llegar al sitio, arribaron los acusados y después de unas breves discusiones, los policías comenzaron el registro del automóvil, encontrando debajo del asiento del chófer el paquete amarillo, el cual contenía listas de bolita. Además encontraron otras listas y un lápiz en el compartimiento para guantes. Estas listas fueron debidamente identificadas por el testigo (quien parece tener bastante conocimiento de cómo se manipula este juego) como que eran usadas en el juego de la bolita, explicando que las listas eran amarillas y blancas, conteniendo números de tres, cuatro y cinco cifras, con la palabra 'sobrantes' escrita en una de ellas, manifestando que esa palabra indicaba los números que habían sobrado. También aparece la palabra 'devolución' en otras de ellas, queriendo indicar los números que han sido devueltos y otros detalles más, todos tendentes a demostrar que esas listas eran de la bolita."

Debemos ampliar dicha síntesis en cuanto a otro detalle declarado por el policía Cherena al efecto de que al ir a proceder los policías al registro del automóvil del aquí apelante éste les dijo que no podían hacerlo porque dicho vehículo era suyo, pero que al llegar el Jefe Cordero no hizo oposición y el automóvil fué registrado.

En cuanto al testigo Hernández, declaró que era Juez de Paz de Sabana Grande y que el día en que se registró el automóvil del apelante, éste le envió una fianza a su favor por el delito de *bolipul* y que más tarde el mismo día le dijo al testigo que la destruyera porque él no estaba metido en el asunto ése y que él la destruyó.

El fiscal auxiliar de esta Corte admite en su alegato que los únicos indicios de prueba que pueden tener el efecto de conectar al apelante con el delito imputádole son, 1ro. que el automóvil que usaron Ramírez, Rodríguez y Figueroa para transportar material de bolita pertenecía al apelante; 2do. que éste, de primera intención, protestó de que se registrara

su automóvil; y 3ro. el envío de la fianza al Juez de Paz sin haber sido arrestado ni acusado. Sostiene, sin embargo, que: " . . . de todas las circunstancias que rodean el caso *tal vez podría válidamente inferirse* que Almodóvar envió a Santos Ramírez, Rubén Rodríguez y Juan Figueroa a Yauco en su automóvil privado a recoger las listas de bolita que se ocuparon en dicho vehículo." (Bastardillas nuestras.)

Es regla firmemente establecida en casos criminales que para poder declarar culpable a un acusado a base únicamente de prueba circunstancial o de indicios, es necesario, no sólo que todas las circunstancias probadas concurran para dejar demostrado que él cometió el delito de que se le acusa, sino que ellas son inconsistentes con cualquiera otra conclusión razonable. Es decir, dicha prueba debe ser no sólo compatible con la culpabilidad del acusado, sino incompatible con cualquier otra hipótesis razonable de inocencia. *Pueblo* v. *Nevárez*, 10 D.P.R. 94, 102; *Pueblo* v. *Quintana*, 44 D.P.R. 40; *Pueblo* v. *Sánchez*, 55 D.P.R. 351; *Pueblo* v. *Arteaga*, 70 D.P.R. 668.

Los hechos relatados por el policía Cherena conectaron directamente a Ramírez, a Rodríguez y a Figueroa con la infracción a la ley de bolita por la cual fueron acusados y convictos. Empero, la declaración de dicho policía en forma alguna conectó al apelante con los hechos realizados por las tres personas mencionadas. Que Almodóvar fuera el dueño del automóvil, que por ese motivo, de primera intención, objetara el registro del mismo y por último que enviara al Juez de Paz una fianza preparada por si era acusado y luego le dijera que la destruyera, son circunstancias que posiblemente sean compatibles con su culpabilidad, pero, al mismo tiempo, son compatibles con la hipótesis razonable de su inocencia, ya que su automóvil pudo haber sido utilizado sin su conocimiento y autorización, y aun siendo con esto último, pero no para fines ilegales. La natural reacción de una persona que no ha cometido un delito y a quien no se le muestra una orden de allanamiento es oponerse a que se registre su auto-

móvil.  Ahora bien, el hecho de que al mostrársele al apelante la ·orden de allanamiento hiciera objeción al. registro, pero depusiera su actitud tan pronto llegó el jefe de la policía ¿es suficiente para constituir una inferencia de culpabilidad que sea incompatible con su inocencia?  Creemos que no.  Por último, el único elemento de prueba que podría tender a indicar una actitud no libre de sospecha, es el haber el apelante preparado una fianza antes de ser arrestado o acusado de delito alguno.  Pero ésta también ·es una prueba que no es incompatible con su inocencia, ya que el derecho a prestar fianza antes de convicción, es uno que le reconoce la ley.  El ·apelante pudo tener la creencia razonable de que, por lo ocurrido con su automóvil, podía ser arrestado y quiso tener la fianza preparada de antemano.

Ninguno de los tres elementos de prueba circunstancial antes mencionados, son, suficientes, a nuestro juicio, para sostener las alegaciones de la acusación al efecto de que el apelante "de común acuerdo con Santos Ramírez, Rubén Rodríguez y Juan Figueroa, tenía en su poder, poseía y transportaba" el material de bolita ocupado, y, en su consecuencia, *la sentencia apelada debe ser revocada y absolverse al apelante.*

El Juez Asociado Sr. Negrón Fernández se inhibió.