EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANTONIO ANDRADE GONZÁLEZ, c/p ANDRÉS GARCÍA GARCÍA y ELEUTERIO ORTIZ CASTRO, c/p BENJAMÍN ORTIZ CASTRO, acusados y apelante el segundo.

*Número:* CR-62-282       *Resuelto:* 28 de junio de 1963

*William Estrella López de Victoria,* abogado designado por el Tribunal para ofrecer asistencia legal en apelación al apelante; *J. B. Fernández Badillo, Procurador General,* y *Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

PER CURIAM: El perjudicado en este caso de hurto declaró que el apelante había llegado a su negocio de expendio de bebidas como a las cinco de una tarde; que luego de estar un rato, al marcharse había dejado sobre el mostrador una lista de la lotería correspondiente al 13 de marzo de 1961. Declaró además que dos horas más tarde llegó al negocio el otro acusado y le dijo que tenía 12 pedazos premiados de un billete correspondiente al 13 de marzo; que necesitaba urgentemente el dinero y que le correspondían $192 pero que le daría a ganar $15 a lo que el declarante respondió que si le daba $20 de ganancia le cambiaría los billetes. Aceptada la contraoferta le entregó $172. Cuando al otro día fue al Negociado de la Lotería encontró que los billetes no estaban premiados. La lista que había dejado el apelante en su negocio estaba alterada.

Se presentó en evidencia la lista en cuestión y la auténtica. Además se admitió cierto material de imprenta que se le ocupó

al apelante con posterioridad a los hechos antes relatados.

El apelante declaró y negó los hechos. El otro acusado al testificar manifestó que él había ido al negocio del perjudicado por instrucciones del apelante.

■ Tenemos ante nos el caso del que dejó la lista en el negocio del perjudicado. El testimonio del otro acusado lo conecta con la comisión del delito imputado. El coacusado es un cómplice pero su testimonio lo corrobora el del perjudicado al declarar que el apelante fue quien dejó la lista alterada.

■ No se cometió error al admitir el material de imprenta que se le ocupó al acusado con posteriodad a los hechos que dieron base a la acusación. Era admisible para demostrar que tenía los medios para alterar la lista.

■ Sostiene el apelante que los hechos establecidos no constituyen el delito de hurto. Arguye, citando lenguaje del caso de *People* v. *Edwards*, 236 Pac. 944 que seguimos en *Pueblo* v. *Ríos*, 69 D.P.R. 830 (1949) que en casos de hurto mediante engaños o tretas, "es esencial . . . que el dueño tenga la intención de desprenderse únicamente de la posesión, y no de transferir el título también". Sostiene entonces que al perjudicado entregarle los $172 a cambio de los billetes supuestamente premiados tuvo la intención de pasarle el título. Obviamente si el perjudicado hubiera sabido que la lista era falsificada no le hubiera entregado el dinero. No puede sostenerse que su intención fue transferir el título sobre los $172. Como dijimos en *Ríos* citando de *Edwards*: "Está bien resuelto que una sustracción, dentro de la definición de hurto, ocurre cuando una persona, con un designio preconcebido de apropiarse la propiedad para su propio uso, obtiene dicha posesión por medio de fraude o de una treta. *En este caso el fraude vicia la transacción, y el dueño se presume que retiene una posesión constructiva de la propiedad.*" (Énfasis suplido.)

*Se confirmará la sentencia apelada.*