[Crim. No. 937. Department Two.—February 4, 1903.]

THE PEOPLE, Respondent, v. W. F. B. GOODRICH, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—INSUFFICIENT PROOF—PURCHASE OF LAUNCH—FAILURE TO PROVE NON-PAYMENT.—A conviction of embezzlement of a steam launch as being the property of another person, intrusted to the defendant, and feloniously converted by him

to his own use, is not sustained by the evidence, where it appears that the steam launch was purchased by the defendant from such other person, and there is no proof that the purchase price was not paid.

ID.—SALE—PASSAGE OF TITLE—BURDEN OF PROOF.—If the title passed to the defendant when the launch was sold, he could not embezzle it; and if it was a sale on condition that the purchase money should be paid, it was incumbent on the prosecution to prove that it had not been paid.

APPEAL from a judgment of the Superior Court of San Joaquin County and from an order denying a new trial. Edward I. Jones, Judge.

The facts are stated in the opinion.

A. V. Scanlan, for Appellant.

U. S. Webb, Attorney-General, and A. A. Moore, Jr., Deputy Attorney-General, for Respondent.

COOPER, C.—The defendant was accused by the district attorney of the crime of embezzlement, alleged to have been committed on the sixteenth day of November, 1901, by the unlawful and felonious conversion · to his own use of one launch, the property of one Hugh McDade, the said property having been intrusted to the said defendant, and the conversion being alleged not to have been in due and lawful execution of said trust. He was convicted of the crime as charged, and sentenced for a term of five years in the state prison. This appeal is from the judgment and from an order denying defendant's motion for a new trial.

The appellant contends that the evidence is insufficient to sustain the verdict, and, after a careful consideration of the same, we are of opinion that the contention will have to be sustained.

The witness McDade testified that about the eighth or ninth day of November, 1901, he was the owner of the launch described in the information, and at said time he made an agreement with defendant with regard to the purchase of the same. The purchase price was to be one thousand dollars. The witness said: "We agreed on the price as one thousand dollars. And he was to go to Staten Island—supplied with

an order on Herbert Wait, who was in possession of the launch at the time—and was to bring it back here and pay for it within thirty-six hours, not later than Saturday." The witness further testified that the launch at the time was at a point called Eagle Tree, on Staten Island, in San Joaquin County, in the possession of one Wait. That, after the conversation with defendant, he gave to defendant an order, of which the following is a copy: "Stockton, November 10, 1901. Mr. H. Wait: Please let bearer, Captain W. A. Goodrich, have my gasoline launch. Hugh L. McDade." Witness McDade further testified that the defendant agreed to deposit the purchase price within thirty-six hours with the San Joaquin Valley Bank, in the city of Stockton.

We have examined the evidence in vain for any syllable tending to show that the one thousand dollars was not paid. The prosecuting witness, McDade, is entirely silent as to whether or not the money was ever paid to him. The prosecution called one Teefy, who testified that he was the cashier of the San Joaquin Valley Bank. Then the following questions were asked him and the answers given by him as herein stated:—

"Q. I will ask you, Mr. Teefy, whether at any time last year, prior to the month of November or December, there was left at your bank by this defendant or by any person, $1000.00, or any sum whatever, for the purchase of a gasoline launch from Mr. McDade?

"A. No sir; there was no time, no money left during the time you speak of.

"Q. Was there any money left there during that time by this defendant at all?

"A. No, sir; there was not."

This testimony at most only showed that the one thousand dollars was not paid to the bank prior to the month of November or December, 1901. It does not show that the money was not afterwards paid to the bank. It therefore becomes immaterial whether we consider the transaction a sale, by which the title passed to defendant at the time, or a sale only upon condition that the purchase price, one thousand dollars, should be paid. In the former case, if the title passed, then there could be no embezzlement of property which belonged to defendant. In the latter case, if the title was to pass upon the

payment of one thousand dollars, and not otherwise, it was incumbent upon the prosecution to prove that the said sum of one thousand dollars had not been paid.

It follows that the judgment and order should be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are reversed.

Henshaw, J., McFarland, J., Lorigan, J.