EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* EMILIA AVILÉS, acusada y apelante.

Núm. 6126.—*Sometido:* Mayo 26, 1936. *Resuelto:* Julio 30, 1936.

*Joaquín Velilla,* abogado de la apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

La apelante fué convicta del delito de hurto menor en la Corte Municipal de Bayamón e igualmente en apelación en la corte de distrito. Su abogado presenta ocho señalamientos de errores y en ninguno de ellos se designa o sugiere la cuestión principal en que descansa la apelante. Los señalamientos quinto, séptimo y octavo meramente dicen o sugieren que la prueba que estaba ante la corte no justificó una condena de hurto menor. La apelante pudo fácilmente haber dicho que la prueba tendía exclusivamente a demostrar un delito, si acaso, de abuso de confianza y no de hurto menor. Sin embargo, si la prueba justificaba una condena por abuso de confianza solamente, los errores que se tratan de señalar serían fundamentales y por tanto los consideraremos. La apelante también trató de alegar que la propiedad sustraída le pertenecía, mas la corte no creyó su declaración y así lo hizo constar.

■■■ La evidencia tendió a probar que la acusada era una sirvienta en la casa de José N. Quiñones. Existe prueba de que la acusada era la querida o concubina de este último, pero la corte tenía derecho a no creer esa evidencia, y en realidad no le prestó atención alguna. Mientras estaba en la casa de Quiñones empleada como sirvienta, ella dispuso de o·se llevó varios artículos, tales como sábanas, toallas, pollos, y huevos por un valor que ascendía, según se alegaba, a $18.40. La defensa principal fué, suponiendo que la sustracción fuese cierta, que la relación existente entre la acusada y Quiñones era tal que la constituía en un sirviente, de conformidad con el artículo 450 del Código Penal, de tal modo que sus actos constituirían un abuso de confianza y no un hurto.

Dicho artículo lee así:

"Artículo 450.—Todo dependiente, agente o sirviente de alguna persona, que fraudulentamente empleare en su propia utilidad, u ocultare con fraudulenta intención de apropiárselos, cualesquiera bie-

nes confiados a su custodia en virtud de su empleo como tal dependiente, agente o sirviente, será culpable de abuso de confianza.''

Durante la vista teníamos, y aún ahora tenemos, algunas dudas respecto a si los actos imputados, de ser ciertos, no hubieran podido constituir el delito de hurto o el delito de abuso de confianza. Los dos delitos según parecería son mutuamente exclusivos en algunas jurisdicciones. Sobre esto hablaremos más adelante.

Podríamos dar entonces por sentado que la acusada era una sirvienta en la casa de Quiñones y que en una u otra época ella sustrajo ciertos artículos pertenecientes a dicho señor. Deducimos de las autoridades que la sirvienta de una casa tan sólo tiene la custodia de las cosas que se hallan en la misma; y la relación existente entre un sirviente y su amo no cae dentro de la definición estatutaria de abuso de confianza, a menos que, desde luego, el amo, por razón de sus actos o de la naturaleza específica de los deberes del sirviente, le haga caer dentro del estatuto, como por ejemplo, cuando a instancias del amo recibe cosas de otras personas y su apropia de ellas.

Es cierto que Quiñones mientras ocupaba la silla testifical admitió claramente que la acusada tenía a su cargo la propiedad en cuestión, pero esta clase de cuidado o custodia por parte de un sirviente, a nuestro juicio, no cae dentro de los preceptos del estatuto. En nuestra opinión, el estatuto se refiere a alguna relación confidencial especialmente impuesta a una persona o a un sirviente, distinta a los deberes ordinarios tradicionales de un sirviente doméstico. Tomemos el caso extremo· de un amo que dice a .su sirviente: ''Tráigame el reloj que está en la tablilla superior de mi ropero,'' y el sirviente sale de la casa con el reloj y lo vende. En ese caso creemos que el delito de hurto sería claro. No se creó relación fiduciaria de carácter especial. Nos parece que la relación que el sirviente tiene hacia todas las cosas que se hallan en la casa es casual y que no participa de la relación confidencial o de la

agencia que el estatuto tiene por miras. Diríamos que la palabra "sirviente" que figura en el estatuto se usa en su acepción más general de la frase "amo y sirviente", más un sirviente doméstico no está incluído necesariamente, a menos que se le exija que haga algo fuera de sus deberes ordinarios como tal sirviente doméstico.

Tenemos alguna idea, pero es innecesario decidir la cuestión definitivamente, de que en Puerto Rico, donde tanto el delito de hurto como el de abuso de confianza son puramente estatutarios, los casos marginales podrían ser proseguidos por uno u otro delito a opción del fiscal de distrito. Véase 9 Ruling Case Law 1267, nota 6.

■ Los otros cinco errores señalados no requieren mucha consideración. Suponiendo que se les señalara suficientemente, los mismos se refieren a la falta por parte del denunciante de incluir el nombre de ciertos testigos en la denuncia, cuestión que caía dentro de la discreción de la corte; a ciertas tentativas de atacar la veracidad del denunciante por razón de ciertos cargos formulados contra él como juez ante el Gobernador de Puerto Rico; a la eliminación de cierto testimonio que tendía al mismo efecto; a la corrección del proceder de la corte al permitir a José N. Quiñones, el denunciante, que es abogado, que permaneciera en la sala de sesiones de la corte mientras desfilaban los testigos. En realidad, él permaneció en la sala del Tribunal después de haber declarado como primer testigo de cargo.

■ También se señala error por el motivo de que la corte no debió haber excluído ciertas manifestaciones hechas. por la acusada al llegar a la casa de otra persona, no cayendo dichas manifestaciones, ni siendo capaces de caer, dentro de la excepción a la regla que prohibe la presentación de prueba de referencia, como por ejemplo, las quejas de una mujer violada luego de realizado el acto.

La mayoría del tribunal sostiene que debe reducirse la multa, mas el suscribiente no encuentra razón alguna para intervenir con la discreción de la corte inferior.

*Debe modificarse la sentencia apelada reduciéndose la pena de la acusada a cinco dólares de multa y en defecto de pago a un día de cárcel por cada dólar que deje de satisfacer, y así modificada, confirmarse.*

El Juez Asociado Señor Córdova Dávila no intervino.