EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ALEJO CORTÉS, acusado y apelante.

Núm. 7951.—*Sometido:* Febrero 12, 1940. *Resuelto:* Febrero 21, 1940.

*A. Reyes Delgado* y *P. Santos Borges,* abogados del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

Alejo Cortés fué convicto del delito de hurto de menor cuantía. Sostiene que la corte de distrito cometió error al declarar sin lugar una moción para que se le absolviera perentoriamente presentada al terminarse la prueba de cargo. La contención es que si la prueba de El Pueblo establecía la comisión de algún delito, lo fué del delito de abuso de confianza y no de hurto menor.

El denunciante Emilio Alvarez declaró en síntesis como sigue:

Se dedicaba a la fabricación de ropa.. Su fábrica estaba en Ciales. Cortés fué empleado suyo por espacio de más de dos años. En mayo, Cortés le extrajo bastantes docenas de camisas y pantalones. El testigo y un *detective* recogieron los pantalones en poder de Felipe Maura, comerciante de Humacao.

Durante la repregunta manifestó:

Cortés cortaba esa ropa. Él era cortador. Lo había despedido en mayo 11 porque otro empleado que tenía lo había cogido llevándose hilo y botones.

En el examen redirecto:

La obligación de Cortés como empleado era cortar la ropa. Había otro empleado para aceptarla y recibirla cuando llegaba. Cortés tenía llave del establecimiento. Ellos se quedaban trabajando en el taller y el testigo se iba a la isla a vender. Cuando el testigo salía Cortés quedaba a cargo del taller. Cortés o el otro empleado le daban la llave a la esposa del testigo en los altos. Él tenía acceso a la fábrica cuando el testigo no estaba allí.

En el reindirecto:

Cuando el testigo salía, Cortés quedaba encargado del taller. Él no disponía. El testigo lo hacía. Cortés actuaba como empleado allí hasta que el testigo llegaba. Cortés no podía vender a nadie allí dentro. Simplemente fabricaba y entregaba. La ropa se fabricaba a domicilio.

De lo anterior se desprende que Cortés tenía acceso a la propiedad por razón de su empleo como cortador y que era un custodio de la misma. Durante su ausencia el dueño permanecía en la posesión implícita de los bienes dejados bajo la custodia de Cortés. En su consecuencia, Cortés—al tomar la propiedad, sacarla del edificio y venderla—era culpable de hurto. 36 C. J. 751, sec. 54; 17 R. C. L. 43, sec. 49; 18 Am. Jur. 577, 578, sec. 12 y 13; 2 Wharton 1510, 1511, sec. 1198 y 1201.

El hecho, de serlo, de que a Cortés hubiera podido procesársele por abuso de confianza y condenársele por ese delito bajo el artículo 450 del Código Penal, no le daría derecho a que se le exonerara del delito imputádole en el presente caso. Véanse artículo 44 del Código Penal; *Pueblo* v. *Avilés,* 50 D.P.R. 527 y *Pueblo* v. *Padilla* (Crim. núm. 7622, resuelto en febrero 15, 1940) ante, pág. 144.

*La sentencia apelada debe ser confirmada.*