El Pueblo de Puerto Rico, demandante y apelado, *v.* Lydia Rivera Guzmán, acusada y apelante.

*Número:* CR-67-58      *Resuelto:* 24 de febrero de 1970

680

*Enrique Miranda Merced,* abogado de la apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Federico Rodríguez Gelpí, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El fiscal presentó acusación por abuso de confianza contra Lydia Rivera Guzmán imputándole que "en ocasión de actuar como dependiente en el negocio propiedad del Sr. Jacinto Martínez Cabán y habiéndosele confiado bienes valorados en la suma de $776.00 para que los vendiera en dicho negocio, ocultó fraudulentamente dichos bienes con la intención de apropiarse, como se apropió de dichos artículos, los que empleó para su propia utilidad y para fines ajenos al legítimo desempeño de sus funciones como tal dependiente." Fue convicta de abuso de confianza de menor cuantía.

La disposición penal cuya infracción se alega es el Art. 450 del Código Penal, 33 L.P.R.A. sec. 1726, equivalente al Art. 508 del Código Penal de California. Cuatro son los elementos del delito: (i) que el acusado era un agente o dependiente, *Pueblo* v. *Avilés,* 50 D.P.R. 527 (1936), (ii) que los bienes le fueron confiados como de la propiedad del patrono o principal, (iii) que recibió los bienes en el curso del empleo, y (iv) que se apropió los bienes con intención de hurtarlos. *People* v. *Riley,* 217 C.A.2d 11 (1963); *In re Grin,* 112 Fed. 790 (1901); *People* v. *Schroeder,* 185 Pac. 507 (Cal. 1919); *People* v. *Howard,* 160 Pac. 697 (Cal. 1916); *People* v. *Hemple,* 87 Pac. 227 (Cal. 1906).

La defensa de la acusada tendió a establecer que entre ella y el supuesto perjudicado existía una "sociedad" para operar un negocio de bar. Por ello, el juez a quo transmitió al jurado la siguiente instrucción:

"Aquí hubo prueba de defensa que tiende a establecer que hubo sociedad entre la acusada y el supuesto perjudicado; ustedes van a determinar si a juicio de ustedes se estableció la existencia de esa Sociedad, si no se estableció no tienen que entrar en considerar nada más con relación a ese aspecto del caso; ahora, si entienden que se ha establecido a satisfacción de ustedes, de que había una sociedad, aquí lo que se alega que esta acusada se llevó todo lo que había allí; *pues, el hecho de que fueran socios, no la relevaría de responsabilidad*; un socio no tiene derecho a llevarse lo que hay, la propiedad, o sea, la sociedad tiene una personalidad distinta al socio. Cuando existe una sociedad, que tiene su propia personalidad, es la dueña de todo lo que hay, pero, no son los socios dueños individualmente de lo que hay, sino que la sociedad, de acuerdo con los términos del contrato, la sociedad dispone de su mercancía, *pero un solo socio no puede disponer libremente de la mercancía propiedad de la sociedad,* de entender que existía una sociedad . . . ." (Énfasis nuestro.)

■ Esta instrucción fue sumamente perjudicial y requiere que dejemos sin efecto la sentencia. Como dijéramos entre los elementos del delito imputado a la apelante están que hubiese actuado en capacidad de *dependiente* y que los bienes se hayan recibido en el curso del *empleo*. La referencia a que el hecho de establecerse la existencia de una sociedad no la relevaría de responsabilidad es errónea.(1) Prácticamente equivalía a instruir al jurado para que trajera un

---

(1) Cobra mayor importancia si se considera que la prueba estableció que la apelante trasladó a su hogar los escasos artículos que quedaban en el establecimiento valorados entre cuarenta y cincuenta dólares. Obviamente el jurado descartó la versión de que la acusada se había apropiado de toda la mercancía con que originalmente se surtió el negocio, por valor de alrededor de $700, según expuesto en la acusación. Ello puede ser índice de que consideró que en efecto había una "sociedad" entre el perjudicado, que aportó los bienes, y la acusada, su industria.

veredicto de culpabilidad. La apropiación por un socio de bienes de la sociedad podrá engendrar una responsabilidad civil o constituir otro delito; ciertamente no es el previsto en el Art. 450 del Código Penal por el cual se enjuició a la apelante.

*Se revocará la sentencia dictada en la causa por abuso de confianza y se devolverá el caso para la celebración de un nuevo juicio.* ([2])

El Juez Presidente Señor Negrón Fernández y el Juez Asociado Señor Hernández Matos no intervinieron.

---

([2]) En cuanto a la causa por desacato—por incomparecencia inexplicada al acto de dictar sentencia—nada se ha expuesto ni surge de los autos para que se deje sin efecto. En cuanto a ésta, se confirmará.