EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CASIMIRO COLÓN TAPIA, acusado y apelante.

*Número:* CR-72-34      *Resuelto:* 17 de mayo de 1973

424

*Víctor Jiménez Balado,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Roberto Armstrong, Jr., Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue juzgado y convicto por tribunal de derecho por el delito de abuso de confianza. Luego de considerar el informe del oficial probatorio fue sentenciado a cumplir de 1 a 3 años, dejándosele en libertad a prueba.

La prueba de cargo demostró que el apelante, quien se dedica al negocio de la construcción, celebró un contrato escrito con Amada Colón, esposa de Juan Rodríguez Cartagena, para reconstruir una casa de éstos en la zona rural de Aguirre. De acuerdo con los términos del aludido contrato el apelante se obligaba a realizar la obra incluyendo los materiales y la mano de obra por el precio alzado de $3,500.00. El pago de la suma acordada habría de hacerse de acuerdo con el progreso de la obra sin especificarse en el contrato fórmula alguna que especificara las distintas etapas de la construcción. El apelante comenzó el trabajo y recibía pagos a medida

que se hacía la obra. El dinero que se iba adelantando, se anotaba en una libreta que consta en evidencia.

Antes del pago objeto del delito imputádole al apelante se habían efectuado tres pagos según surge de la libreta de recibos. El primero, por la suma de $130.00, por concepto de "adelanto de su obra". El segundo, por la suma de $864.00, comprende unos renglones específicos tales como el seguro de obreros, *truck*, varilla, Luis (presumiblemente el albañil) y $660.00 que no están identificados por lo que se presume un adelanto. El tercero, por la suma de $541.00 tampoco identifica su uso. Y, el cuarto, por la suma de $723.50, que es el que da motivo a la acusación contra el apelante expresa que se recibió "como adelanto de su obra en el Bo. Coquí".

Rodríguez Cartagena declaró que el apelante le pidió dicha suma que comprende el cuarto pago para comprar un inodoro y unas puertas y ventanas y para pagar al electricista. T.E. págs. 14 a 18. Hay confusión en su testimonio sobre si dicha suma incluía la nómina semanal. T.E. pág. 15. El perjudicado dijo que al transcurrir unos días luego del pago sin que el apelante regresara al trabajo hizo las gestiones para conseguirlo localizándolo en otra construcción que el apelante realizaba. Declaró que el apelante le manifestó: "Bueno yo dispuse de los chavos y los gasté, méteme a la cárcel si quieres porque yo no tengo chavos." El perjudicado tuvo entonces que continuar la obra con la cooperación del albañil que trabajaba con el apelante en la obra.

El apelante por su parte declaró que no pudo continuar la obra por haberse quedado sin transportación, al verse precisado a entregar la *pick-up* que utilizaba, la cual no había podido pagar; y que alrededor de tres días después regresó a la obra, pero ya el perjudicado se había hecho cargo de la construcción y había radicado la acusación en su contra. Declaró que no se apropió de los alegados fondos, sino que utilizó $400.00 para el pago de los obreros allí mismo y que el resto lo retuvo el perjudicado para el pago de unas facturas de

materiales que había comprado. Dijo además que dicho dinero constituía un adelanto proporcional de acuerdo con el estado de construcción en que se encontraba la obra. T.E. págs. 32 a 33.

En su primer señalamiento de error apunta el apelante que "erró el tribunal al estimar que la prueba ofrecida era suficiente para establecer el delito de abuso de confianza tomando en consideración un caso resuelto en California [1] para determinar su fallo y no un incumplimiento de contrato."

■ El delito de abuso de confianza está definido en los Arts. 445 al 455 de nuestro Código Penal (33 L.P.R.A. secs. 1721–1731). Hemos sostenido que para que se entienda perpetrado dicho delito es necesario comprobar la existencia de los tres elementos esenciales del mismo: (1) una propiedad determinada; (2) que exista una relación fiduciaria entre el acusado y otra persona o entidad; y (3) la conversión o apropiación fraudulenta de bienes ajenos para uso propio del acusado. *Pueblo* v. *Rivera Guzmán*, 98 D.P.R. 679 (1970); *Pueblo* v. *Bonilla Lugo*, 91 D.P.R. 449 (1964); *Pueblo* v. *Calderón*, 18 D.P.R. 584 (1912). Véase además, Wharton *Criminal Law and Procedure*, vol. 2, secs. 513–543.

■ No tenemos duda de que no han sido probados todos los elementos del delito de abuso de confianza antes mencionados. Surge de la prueba presentada que el dinero supuestamente apropiado fue entregado al apelante por razón y en consideración al contrato de construcción que éste mantenía con el dueño de la propiedad. Véanse, *Pueblo* v. *Flores*, 48 D.P.R. 589 (1935); *People* v. *Holder*, 53 Cal. App. 45, 199 P. 832 (1921). El contrato no especifica fórmula de pago

---

[1] El apelante asume que el juez de instancia se refería al caso de *People* v. *Howard*, 75 Cal. Reptr. 761 (1969). Ello no es posible puesto que dicho caso fue resuelto con posterioridad a que se resolviese el presente caso por el Tribunal Superior.

alguna para los desembolsos que habría de efectuar el dueño de la obra. El único criterio de pago que se utiliza en el contrato está contenido en la frase "de acuerdo con el progreso de la obra." Es conveniente señalar que la prueba presentada en cuanto al valor de la obra realizada hasta el momento de pago es vaga e imprecisa. No puede determinarse pues si el valor de lo construido responde a los varios anticipos que recibió el apelante. El apelante parece haber recibido dicho dinero bajo los términos del referido contrato y de acuerdo con el aparente progreso de la obra, por lo que en ausencia de prueba en contrario debemos presumir que el dinero recibido en tales condiciones no constituye una apropiación fraudulenta de bienes ajenos para uso propio del apelante. Véanse *People* v. *Petrin*, 265 P.2d 149 (1954); *People* v. *Holder*, supra; *People* v. *Goodrich*, 138 Cal. 472, 71 P. 509. La actuación del contratista apelante en las circunstancias a que se contraen los hechos del presente caso no constituye un delito punible dentro de la definición general del Art. 445 de nuestro Código Penal (33 L.P.R.A. sec. 1721) que dispone: "Constituye abuso de confianza la fraudulenta sustracción o malversación de bienes, por una persona a quien habían sido confiados." 33 L.P.R.A. sec. 1721. Existe duda razonable a favor del apelante.

Tampoco constituye delito la actuación del apelante dentro de las situaciones particulares cubiertas por los Arts. 446 al 451 del Código Penal. El texto de dichas disposiciones que más podría acercarse a la situación del caso de autos es el del 448 que reza como sigue:

"Todo depositario, banquero, comerciante, corredor, apoderado, agente, síndico, albacea, administrador, cobrador, o persona encargada de caudales para el uso de otra persona, que fraudulentamente los distrajere o empleare para fines ajenos al debido y legítimo cumplimiento de su encargo, o los ocultare con la fraudulenta intención de destinarlos a tales fines, será culpable de abuso de confianza." 33 L.P.R.A. sec. 1724.

El citado Art. 448 corresponde al texto del Art. 506 del Código Penal de California según su redacción en 1902. Con posterioridad a 1902 el Art. 506 del Código Penal de California fue enmendado en 1907 y 1919 para específicamente incluir al contratista que se apropia del dinero recibido para una construcción. Al citado artículo de California se le añadieron las siguientes disposiciones que traducimos al español:

". . . y cualquier contratista que se apropie de dinero pagádole para cualquier uso o propósito, que no sea aquel para el cual fuere recibido, es culpable de abuso de confianza, y el pago de obreros y proveedores de materiales por trabajo realizado o material suplido en la ejecución de un contrato se considerará por la presente que constituye el uso y propósito al cual habría de aplicarse el precio de dicho contrato, o de cualquier parte del mismo, al que debe aplicarse lo recibido por el contratista."

Aún más, con posterioridad a dichas enmiendas la legislatura de California ha vuelto a enmendar, en 1965, el Código Penal de dicho estado creando el Art. 484b que castiga a cualquier persona que recibe dinero para labor y materiales y no usa dicho dinero para ese propósito ya sea por no completar la obra o por no pagar materiales o labor, apropiándoselos para si. Fue bajo dicha disposición legal que se resolvió en California el ya citado caso de *People* v. *Howard*. Véase escolio 1, supra. Mientras tanto nuestro Art. 448 ha permanecido intacto desde 1902, por lo que los casos de *People* v. *Howard*, supra; *People* v. *Parker*, 44 Cal. Reptr. 909, 235 Cal. App.2d 100 (1965); *People* v. *Clemons*, 136 Cal. App.2d 529, 228 P.2d 1021 (1955), además de ser distinguibles en sus hechos al presente caso, no son persuasivos debido a que fueron resueltos con posterioridad a las mencionadas enmiendas. El caso de autos es muy similar al de *People* v. *Holder*, supra, excepto que ese caso plantea cuestiones constitucionales que no están planteadas en el caso ante nos.

▮ Debemos concluir por lo tanto que tanto en nuestra jurisdicción en la actualidad, como lo era en California antes

de la enmienda de 1907, según se dijo en *People* v. *Holder*, supra, la actuación del contratista apelante al apropiarse del dinero adquirido mediante un contrato de construcción en las circunstancias limitadas a que se contraen los hechos del caso de autos, no constituye un delito punible bajo el Art. 448 de nuestro Código Penal (33 L.P.R.A. sec. 1724).

Por las razones expuestas *la sentencia apelada será revocada.*

