EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| El Pueblo de Puerto Rico | |
| Peticionario | Certiorari |
| v. | 2004 TSPR 11 |
| José G. Cruz Arroyo | 160 DPR _____ |
| Recurrido | |

Número del Caso: CC-2003-960

Fecha: 30 de enero de 2004

Tribunal de Circuito de Apelaciones:
                    Circuito Regional I

Juez Ponente:
                    Hon. Roberto González Rivera

Oficina del Procurador General:
                    Lcda. Yasmín Chaves Dávila
                    Procuradora General Auxiliar

Abogados de la Parte Recurrida:
                    Lcdo. José M. Sagardía Pérez
                    Lcda. Margarita Carrillo Iturrino

Materia: Artículo 166(a) del Código Penal (13 casos)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

El Pueblo de Puerto Rico

    Peticionario

       vs.                   CC-2003-960       CERTIORARI

José G. Cruz Arroyo

    Recurrido

RESOLUCIÓN

San Juan, Puerto Rico, a 30 de enero de 2004

A la solicitud de certiorari radicada por la parte peticionaria, se provee no ha lugar por ser esencialmente correcta la Resolución recurrida.

Se ordena la publicación de la Resolución emitida por el Tribunal de Apelaciones.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señor Rebollo López y señor Hernández Denton expedirían para pautar.

Patricia Otón Olivieri
Secretaria del Tribunal Supremo

Estado Libre Asociado de Puerto Rico
EN EL TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL I SAN JUAN, PANEL I

| EL PUEBLO DE PUERTO RICO | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan |
|---|---|---|
| Peticionario | | |
| v. | KLCE0300335 | Caso Núm. KDP2002G1342 hasta el KDP2002G1354 |
| JOSÉ GERARDO CRUZ ARROYO | | Sala: 1002 |
| Recurrido | | |

Panel integrado por su presidenta, la Jueza Fiol Matta, los Jueces González Rivera y Rivera Martínez

González Rivera, Juez Ponente

RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de noviembre de 2003.

En el presente recurso de *certiorari* comparece el Procurador General para solicitar la revisión y revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan el 15 de enero de 2003. Mediante el referido dictamen se declaró "Con Lugar" una moción de desestimación de las trece (13) acusaciones que por el delito de Apropiación Ilegal Agravada fueron presentadas por el Ministerio Público contra el recurrido, licenciado José Gerardo Cruz Arroyo (en adelante licenciado Cruz Arroyo).

Habiéndose presentado el escrito en oposición a la expedición del auto solicitado, nos encontramos en posición de resolver, procedemos así hacerlo. Antes debemos realizar un recuento del trámite procesal que dio lugar a la presentación de este recurso.

## I.

El Ministerio Público presentó el 6 de diciembre de 2001 varias denuncias contra el licenciado Cruz Arroyo. Se le imputó haber infringido los artículos 3.3 (a) y (b) de la Ley de Ética Gubernamental, Ley Núm. 12 de 24 de julio de 1985, 3 L.P.R.A. sec. 1823 (a) y (b) y por haber infringido el artículo 166(a) del Código Penal de Puerto Rico. 33 L.P.R.A. 4722(a). Luego de celebrada la vista preliminar al amparo de la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, sólo se determinó causa probable para acusar por las violaciones a los artículos relacionados a la Ley Ética Gubernamental, *supra*,[1] no así por las infracciones al Artículo 166(a), *supra*.

En cuanto a las denuncias por el delito de Apropiación Ilegal Agravada sobre las que recayó una determinación de "no causa probable" el Ministerio Público ejerció la opción de llevar el asunto ante otro magistrado del Tribunal de Primera Instancia en solicitud de que se determinara causa probable en alzada. La vista fue celebrada el 4 de septiembre de 2002, determinándose causa probable según fue solicitado. Por consiguiente, fueron presentadas las correspondientes acusaciones.

---

[1] No está ante nuestra consideración, planteamiento alguno relacionado a las referidas infracciones a la Ley de Ética Gubernamental. El Procurador General indica en una nota al calce de su recurso que este Foro Apelativo mediante el recurso KLCE200200594 ordenó la desestimación de la acusación por infracción al Artículo 3.3(a) y sostuvo una denegativa del foro *aquo* para desestimar la acusación al amparo del Artículo 3.3(b) de dicha ley.

Un examen de los referidos pliegos acusatorios nos revelan que el texto en que están redactadas son prácticamente iguales, varía en cada una de ellas las fechas de cometido el supuesto delito y las cantidades de dinero alegadamente apropiadas. Estas le imputan al recurrido que durante el periodo comprendido entre los meses de enero y mayo de 2001, "sin violencia ni intimidación, se apropió mediante **treta y engaño de fondos públicos pertenecientes al Departamento de Salud** consistente en que cobró salarios... sin prestar servicios de asesor legal, **alegando enfermedad**, mientras trabajaba de asesor legal a tiempo completo con la empresa privada Pinnacle Health Services."

Luego de celebrarse el acto de lectura de las acusaciones el licenciado Cruz Arroyo solicitó la desestimación de éstas al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. Adujo que la determinación de causa probable para acusar realizada en vista preliminar en alzada era contraria a derecho por haber ausencia total de prueba para sostener las acusaciones de Apropiación Ilegal Agravada.

El 8 de enero de 2003 el foro recurrido celebró una vista en la que ambas partes argumentaron sus respectivas posiciones. Al examinar y analizar los escritos presentados y sus correspondiente anejos a la luz de la transcripción de los testimonios presentados durante la vista preliminar en alzada, el foro recurrido determinó declarar "Con Lugar" la moción de desestimación. Por consiguiente y debido a que el Ministerio Público incumplió con su obligación de

probar los elementos del delito y la intención criminal requerida, ordenó la desestimación de la acusaciones.

Inconforme, el Procurador General presentó en tiempo oportuno el recurso que nos ocupa. Señala como fundamento de revocación que el recurrido no demostró la ausencia total de prueba en torno a los elementos del delito de Apropiación Ilegal Agravada. Argumenta que el licenciado Cruz Arroyo no poseía un derecho propietario sobre la licencia por enfermedad acumulada y por ende, las sumas pagadas constituían propiedad ajena pertenecientes al Estado Libre Asociado de Puerto Rico.

Por su parte, la defensa del licenciado Cruz Arroyo señala que durante la vista preliminar, el Ministerio Público no probó los elementos del delito de Apropiación Ilegal Agravada ni la intención específica de apropiarse de bienes pertenecientes a un tercero, por lo que fue correcta la determinación del foro recurrido de desestimar las acusaciones. Señala, que los pagos hechos durante el periodo imputado corresponden a la licencia acumulada por el licenciado Cruz Arroyo por concepto de días por enfermedad sobre los cuales tenía un derecho legítimo. Luego de analizar los argumentos de las partes, a la luz del derecho aplicable, resolvemos por los fundamentos que habremos de exponer que es procedente denegar la expedición del auto de *certiorari* solicitado.

## II.

El análisis adecuado para determinar la corrección de un dictamen desestimatorio de las acusaciones al amparo de la Regla 64(p), *supra*, requiere examinar la prueba de cargo, así como la prueba

de defensa vertida durante la vista preliminar en alzada.  Surge de la transcripción de la prueba acompañada como parte del apéndice del recurso, que el Ministerio Público presentó el testimonio de la señora Nilsa Figueroa Martínez, Directora de Recursos Humanos del Departamento de Salud.  Ésta declaró que al otorgarse una licencia para ausentarse de su trabajo y cobrar su sueldo regular con cargo a sus días acumulados por enfermedad, el solicitante debe tener algún tipo de condición que le incapacite o le inhabilite para su ejercer sus funciones.  Expresó, además, que en el caso del licenciado Cruz Arroyo el procedimiento que se siguió para la concesión de la licencia fue el correcto de acuerdo al Reglamento y que en su concesión no existe ilegalidad alguna.

Por su parte, el señor Pascual Marrero Alvarado, Director de Nóminas del Departamento de Salud, declaró  que para el periodo comprendido entre el 15 de enero al 31 de mayo de 2001, el licenciado Cruz Arroyo devengó su sueldo regular con cargo a su licencia acumulada por enfermedad hasta la segunda quincena de mayo del 2001.  Que durante el referido periodo no tuvo conocimiento que éste se hubiera ausentado sin justificación o que hubiere sido destituido de su puesto, por lo que cobró su sueldo regularmente.  Declaró que a la fecha de la vista preliminar el Departamento de Salud le adeudaba dinero por concepto de liquidación de vacaciones y días de enfermedad.  Según el testigo el dinero que se le adeudaba es el resultado de lo que el licenciado Cruz Arroyo tenía acumulado menos lo que se le imputaba en las acusaciones.

El testigo, señor José L. Quirós Jorge, expresó que es administrador de los hospitales privados Otero López de Manatí y el Metropolitano de Río Piedras los cuales son administrados por la compañía Pinnacle Health Services. Manifestó que luego de un proceso de negociación con el licenciado Cruz Arroyo llegaron a un acuerdo para pagarle $12,000.00 mensuales como asesor legal, el uso de un vehículo corporativo con tarjeta de gasolina, plan médico familiar, días feriados, vacaciones y días por enfermedad. Según el testigo, éste comenzaría a ejercer a tiempo completo en el Hospital Otero López durante la segunda semana de enero de 2001. El objetivo de contratarlo era minimizar los gastos por el uso de asesores legales externos, así como re-estructurar las áreas de Medicare y de cumplimiento corporativo "Corporate Compliance".

El señor Quirós Jorge atestó, además, que se acordó que el recurrido comenzaría a trabajar después de terminar las vacaciones a que pudiera tener derecho y de realizar las gestiones pertinentes en el Departamento de Salud. El testigo evidenció que como parte de ese acuerdo le entregaron un automóvil, en septiembre o octubre de 2000. El licenciado trabajó para la compañía desde enero hasta el 15 de mayo de 2001. La razón para cesar estos servicios fue motivada por las visitas indagatorias de agentes del Departamento de Justicia. Éstas hicieron sentirse incómodo al testigo. Según éste, a partir de las mismas el ambiente en la oficina cambió, lo que culminó en la cancelación del contrato acordado.

Como único testigo de la defensa se presentó el testimonio de Petra Rodríguez Rosales, quien se desempeñaba en la División de

Correspondencia de la Oficina del Secretario de Salud. Entre sus funciones estaba la de recibir la correspondencia, poncharla, registrarla y referirla para su ulterior trámite. Que las identificaciones 3 y 4 de la defensa consistente en las cartas del 30 de enero de 2001 y 28 de febrero de 2001 dirigidas por el recurrido al Secretario de Salud fueron recibidas en el Departamento por ella y tramitadas para su debida consideración.

III.

La Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, es la fuente estatuaria que regula la vista preliminar. La función básica de ésta es determinar la existencia o no de causa probable para creer que se ha cometido un delito por el acusado. La regla pretende evitar que se someta a un ciudadano, arbitraria e injustificadamente, a los rigores de un proceso criminal. Pueblo v. García Saldaña, 2000 T.S.P.R. 110, opinión de 30 de junio de 2000; Pueblo v. Ríos Alonso, 99 T.S.P.R. 110, opinión de 23 de noviembre de 1999; Pueblo v. Padilla Flores, 127 D.P.R. 698 (1991); Pueblo v. Opio Opio, 104 D.P.R. 167 (1975).

Está resuelto que la vista preliminar opera en términos de probabilidades. El juzgador debe determinar si la prueba establece los elementos del delito y la probabilidad de que el imputado lo hubiere cometido. Por tal razón, su función no es establecer la culpabilidad o inocencia del acusado, sino determinar si en efecto el Estado tiene adecuada justificación para continuar con un proceso judicial en su contra. De ahí que no exista una adjudicación final de inocencia o culpabilidad en esta etapa. Tal determinación se hace en un juicio

plenario.  Pueblo v. Andaluz Méndez, 143 D.P.R. 656 (1997); Pueblo v. Rivera Alicea, 125 D.P.R. 37 (1989).

Durante la vista preliminar, el Ministerio Público tiene la obligación de presentar evidencia, legalmente admisible en un juicio plenario, sobre todos los elementos del delito imputado en la denuncia y su conexión con el imputado.  Pueblo v. Rodríguez Aponte, 116 D.P.R. 653 (1988).

La determinación de causa probable una vez se cumple con la presentación de tal evidencia, goza de la presunción legal de corrección.  Pueblo v. Rivera Alicea, *supra*.  Cuando el imputado entienda que el Ministerio Público no ha cumplido con su deber puede atacar la determinación de causa probable y rebatir la presunción de corrección.  A tales fines, tiene disponible la moción de desestimación al amparo de la Regla 64(p) de Procedimiento Criminal, 34 L.P.R.A. Ap. II, ello cuando entienda que existe ausencia total de evidencia legalmente admisible en cuanto a alguno de los elementos del delito o de su conexión con el delito imputado.  Pueblo v. Rivera Alicea, *supra*.

Una vez el Ministerio Público cumple con su deber de establecer todos los elementos del delito y la conexión del imputado con este a base de evidencia legalmente admisible, a tenor de las Reglas de Evidencia, se justifica una determinación de causa probable para acusar.  Con tal determinación, el proceso pasa para su adjudicación final a la etapa del juicio en que se determina la culpabilidad o inocencia de la persona.  Pueblo v. Andaluz Méndez, *supra*.

Al recurrido Cruz Arroyo se le imputa entre otros el delito de apropiación ilegal agravada. El Código Penal define la apropiación ilegal en su Artículo 165, 33 L.P.R.A. 4271, en los siguientes términos:

> "Toda persona que ilegalmente se apropiare sin violencia ni intimidación de bienes muebles, pertenecientes a otra persona..."

El Artículo 166, en su inciso(a), 33 L.P.R.A. 4272(a), considera el delito como grave si los bienes apropiados pertenecen al Gobierno del Estado Libre Asociado de Puerto Rico, los municipios, agencias públicas, subdivisiones políticas y demás dependencias públicas o a entidades privadas de beneficencia.

No sólo ha de establecerse los elementos del delito y la conexión del imputado con el mismo, sino debe establecerse que tales actos los realizó con intención criminal. Al respecto, el Artículo 14 del Código Penal, 33 L.P.R.A. 3061, establece específicamente que "nadie podrá ser sancionado por una acción u omisión que la ley provee como delito si la misma no se realiza con intención o negligencia criminal." Es claro que el delito de apropiación ilegal es uno que, por su naturaleza, exige que se realice con intención específica de apropiarse de los bienes. Pueblo v. Padró Ríos, 105 D.P.R. 713 (1977); Pueblo v. Ríos, 69 D.P.R. 830 (1949). La intención criminal es una condición subjetiva y como tal, sólo puede descubrirse su existencia por las circunstancias que concurren en el hecho delictivo. Pueblo v. De Léon, 102 D.P.R. 446 (1974); Pueblo v. Tribl. de Distrito y Colón, Int., 74 D.P.R. 838 (1953).

IV.

Luego de un análisis de los autos, de los argumentos de las partes, la transcripción de la vista preliminar incluida en el apéndice del recurso y demás documentos obrantes en autos, resolvemos que en la situación fáctica del presente caso hay una ausencia total de prueba que demuestre la existencia de causa probable para creer que el acusado cometió los delitos de apropiación ilegal agravada que se le imputan. Pueblo v. Tribunal Superior, *supra.*

Es un hecho indisputado que el recurrido tenía una condición médica que ameritaba un ajuste de terapia intensiva, por lo cual debía realizarse múltiples evaluaciones por medio de consultores médicos.[2] Conforme a la prueba desfilada y estipulada por las partes durante la vista preliminar en alzada el recurrido solicitó, a la autoridad nominadora mediante carta del 21 de diciembre de 2000, que le permitiera ausentarse de su trabajo por un periodo, con cargo a su licencia por enfermedad.

Para justificar su solicitud acompañó un certificado médico suscrito por el Dr. Orlando López Santiago, en el cual se señalaba su estado de salud y las razones para justificar su petición. Al respecto se estipuló por las partes durante la vista preliminar la declaración jurada tomada por la fiscalía al referido médico en sustitución de su testimonio. En la misma, se evidencian las circunstancias que motivaron la petición objeto de este litigio. De la referida declaración surge con claridad que a escasamente un mes de haberse concedido la referida licencia, es decir, el 11 de enero de 2001, el doctor López

---

[2] Debido a la naturaleza de las condiciones y para salvaguardar el privilegio del paciente, en esta resolución no se expresan sus diagnósticos.

Sasntiago revocó en parte el certificado previamente expedido, para autorizar al recurrido regresar a su trabajo bajo condición de mantenerse en tratamiento médico. Habida cuenta de la autorización médica expedida, el recurrido envió sendas comunicaciones escritas al actual Secretario de Salud con miras a coordinar su regreso al trabajo.

En su comunicación del 30 de enero de 2001 el recurrido manifestó al Secretario de Salud que en vista de que el escritorio y demás mobiliario de la oficina que había ocupado por los últimos ochos años se había trasladado a otro lugar, le concedieron una reunión urgente parar hablar sobre sus nuevas funciones y la oficina a la cual debía reportarse. El Secretario no respondió a dicha carta. Ante tal situación el recurrido envió una segunda carta en la que hizo claro su determinación de regresar a trabajar. El licenciado Cruz Arroyo le indicó al Secretario que si su deseo era no permitirle su regreso aceptara su carta como una renuncia a su cargo.

De la transcripción surge que la señora Figueroa Martínez declaró que en la concesión de la licencia por enfermedad, objeto de este litigo, no medió ilegalidad alguna, ya que se siguieron los procedimientos reglamentarios establecidos por la agencia. Otro testigo del Ministerio Público, el señor Marrero Alvarado, declaró que durante el periodo en controversia no hubo evidencia de ausencias injustificadas o destitución, por lo que el sueldo pagado fue cargado a licencias por enfermedad.

A base estrictamente de la prueba que desfiló durante la vista preliminar en alzada, concluimos que a la fecha en que el licenciado Cruz Arroyo solicitó y se le autorizó la licencia por enfermedad, éste

sufría una condición médica que justificaba su ausencia de su trabajo. Según la prueba presentada por el propio Ministerio Público en la concesión de la licencia se siguieron la ley y los procesos reglamentarios correspondientes. Tal realidad incontrovertida, unida a el hecho que el recurrido fue autorizado a regresar a su trabajo por su médico y que realizó gestiones encaminadas a dicho propósito, nos lleva a concluir que el Ministerio Público incumplió con su obligación de probar la existencia de treta o engaño, la ausencia de enfermedad, la intención específica de cometer delito, la ilegalidad de la apropiación y que los bienes apropiados pertenecían a un tercero. Evaluadas la circunstancias de este caso, concluimos que no se estableció que los hechos imputados constituyan un delito punible bajo el Artículo 166(a) del Código Penal. Pueblo v. Tapia Colón, 101 D.P.R. 423 (1973).

En todo caso, concluimos al igual que lo hizo el foro de instancia, que los pagos hechos correspondían a licencia por enfermedad acumulada por el imputado, sobre las cuales, por ser un bien patrimonial, el licenciado Cruz Arroyo posee un derecho personalísimo. Véase a esos fines, Sucesión Alvarez v. Secretario, 2000 T.S.P.R. 21 opinión del 11 de febrero de 2000. Ante la ausencia total de prueba para demostrar que los actos aquí en controversia constituyen un delito punible bajo el Artículo 166(a) del Código Penal, *supra*, procedía la desestimación de las acusaciones, según lo ordenó el foro de instancia.

No habiéndose cometido por el foro de instancia el error que le imputa el Procurador General, resolvemos que en este caso es procedente denegar la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.


Aida Ileana Oquendo Graulau
Secretaria General